**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RSI Home Products Management, Inc., Plaintiff, | ) | C.A. No. 05-722-GMS |
| v. | ) | |
| TAN U.S. Group, Inc., Defendant. | ) | **DEMAND FOR JURY TRIAL** |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant TAN U.S. Group, Inc. ("TanUS"), for its Answer to the Complaint of Plaintiff RSI Home Products Management, Inc. ("RSI"), based on personal knowledge as to its own actions and based on information and belief as to all other matters, alleges as follows:

1. TanUS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore DENIES those allegations.

2. TanUS ADMITS the allegations contained in Paragraph 2 of the Complaint.

3. TanUS ADMITS the allegations contained in Paragraph 3 of the Complaint.

4. TanUS ADMITS that plaintiff's complaint purports to state a claim for patent infringement, but TanUS DENIES the merits and sufficiency of plaintiff's complaint.

5. TanUS ADMITS the allegations contained in Paragraph 5 of the Complaint.

6. TanUS DENIES that venue in this District is appropriate. By way of further answer, TanUS states that venue for this action properly lies in the Southern District of Texas because (a) the District of Delaware has absolutely no connection with the asserted claim, (b) neither plaintiff nor defendant has any physical presence or office in this District and neither plaintiff nor defendant manufactures any products in this District; (c) no witnesses, documents or other evidence

related to these claims are located in this District; (d) defendant's offices and principal domestic manufacturing facility are in the Southern District of Texas; (e) a number of witnesses and much of the relevant evidence in this action is located in the Southern District of Texas; and (f) the convenience of both party and nonparty witnesses weighs heavily in favor of transfer of this action to the Southern District of Texas.

7. TanUS incorporates by reference its responses to Paragraphs 1-6 above, as if fully set forth herein.

8. TanUS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore DENIES those allegations.

9. TanUS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore DENIES those allegations.

10. TanUS is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore DENIES those allegations.

11. TanUS DENIES that the US Patent No. 5, 885, 503 ("the '503 patent") describes an invention or that it was duly or legally issued. TanUS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint and therefore DENIES those allegations.

12. TanUS DENIES the allegations contained in Paragraph 12 of the Complaint.

13. TanUS ADMITS the allegations contained in Paragraph 13 of the Complaint.

14. TanUS ADMITS the allegations contained in Paragraph 14 of the Complaint.

15. TanUS ADMITS the allegations contained in Paragraph 15 of the Complaint.

16. TanUS ADMITS the allegations contained in Paragraph 16 of the Complaint.

17. TanUS ADMITS the allegations contained in Paragraph 17 of the Complaint.

18. TanUS ADMITS the allegations contained in Paragraph 18 of the Complaint.

19. TanUS DENIES each and every allegation of Paragraph 19 of the Complaint.

20. TanUS ADMITS the allegations contained in Paragraph 20 of the Complaint.

21. TanUS ADMITS that it manufactures, sells and offers for sale a variety of products, including vanity tops. TanUS DENIES each and every additional allegation of Paragraph 21 of the Complaint.

**COUNT I**

22. TanUS incorporates by reference its responses to paragraphs 1-21 above, as if fully set forth herein.

23. TanUS DENIES each and every allegation of Paragraph 23 of the Complaint.

24. TanUS DENIES each and every allegation of Paragraph 24 of the Complaint.

25. TanUS DENIES each and every allegation of Paragraph 25 of the Complaint.

26. TanUS DENIES each and every allegation of Paragraph 26 of the Complaint.

27. TanUS ADMITS that it has not obtained a license to use the '503 patent, but TanUS DENIES that any such license is necessary, as the '503 patent is invalid and TanUS manufactures no products that infringe the '503 patent.

28. TanUS DENIES each and every allegation of Paragraph 28 of the Complaint.

29. TanUS DENIES each and every allegation of Paragraph 29 of the Complaint.

30. TanUS DENIES each and every allegation of Paragraph 30 of the Complaint.

**COUNT II**

31. TanUS incorporates by reference its responses to paragraphs 1-30 above, as if fully set forth herein.

32. TanUS ADMITS the allegations of Paragraph 32 of the Complaint.

33. TanUS ADMITS the allegations of Paragraph 33 of the Complaint.

34. TanUS DENIES each and every allegation of Paragraph 34 of the Complaint.

35. TanUS DENIES each and every allegation of Paragraph 35 of the Complaint.

36. TanUS DENIES each and every allegation of Paragraph 36 of the Complaint.

37. TanUS DENIES each and every allegation of Paragraph 37 of the Complaint.

38. TanUS DENIES each and every allegation of Paragraph 38 of the Complaint.

39. TanUS DENIES each and every allegation of Paragraph 39 of the Complaint.

40. TanUS DENIES each and every allegation of Paragraph 40 of the Complaint.

**AFFIRMATIVE DEFENSES**

TanUS reserves the right to present additional affirmative defenses and/or responses and/or counterclaims as such matters are revealed during the course of the litigation. TanUS hereby pleads the following affirmative defenses to the Complaint filed by RSI:

FIRST AFFIRMATIVE DEFENSE

41. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

42. The '503 patent is invalid, void and unenforceable for one or more of the following reasons:

a. RSI has charged TanUS with infringement of the '503 patent under circumstances in which RSI knows or has reason to know that the claims are invalid and/or unenforceable. During the course of a previous patent infringement action brought in the United States District Court for the Southern District of Ohio by Etura Premier LLC against RSI regarding the '503 patent (*Etura Premier LLC v. RSI Home Products, Inc.*, Case No. C2-01-1160), RSI admitted that the '503 patent was invalid and unenforceable. RSI further admitted that the scope of the '503 patent was too narrow to reach the products manufactured by TanUS. RSI's admissions negate the alleged infringements contended in RSI's complaint and further establish the invalidity of the '503 patent;

b. The '503 patent is invalid and void for the reason that the alleged invention purported to be patented was known or used by others in this

country, or patented or described in a printed publication in this or a foreign country, before the invention by the applicant for patent, due notice as to which will be given;

c. The '503 patent is invalid and void for the reason that the description in the specification of the patent of the alleged invention, and of the manner and process of using it, is not in such full, clear, concise and exact terms as to enable a person skilled in the art to which it pertains, or to which it is most nearly connected, to make and use it, and such description does not set forth the best mode contemplated by the patentee for carrying out his or her alleged invention;

d. The '503 patent are invalid and void for the reason that such claims are indefinite and ambiguous and, therefore, do not particularly point out the distinctive claim, within the meaning of the patent laws, the subject matter of which the patentee regards as his or her inventions;

e. The '503 patent and each and every claim contained therein is invalid and void in law for the reason that the alleged invention claimed is not in fact an invention, but is merely an aggregation or an existing combination of elements. The several elements and features of the apparatus used in the claimed method were individually known to persons skilled in the art of mold processing for the production of spray granule gel coat vanity tops and analogous arts, and the accumulation and use of such elements and features did not produce a new or different function or characteristic or new method compared to the methods previously performed or produced by the use of such elements and apparatus. Further, the effect produced by the combination was not greater than the sum of the several effects of the combined parts taken separately;

f. Applicants for the '503 patent did not invent or discover the subject matter purported to be covered by the '503 patent but all material or substantial parts thereof had, prior to the application for the '503 patent, been invented by, known to, and used by others then said applicants;

g. The differences, if any, between the subject matter of the alleged invention, discovery or improvement of the '503 patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention, discovery or improvement was made to a person having ordinary skill in the art to which said subject matter pertains;

h. The claims of the '503 patent, and each of them, are not directed to patentable combinations, but are directed to mere aggregations of parts, steps, means or elements which were matters of common knowledge in the art to which the patent relates before the alleged invention, and more than one year prior to the date of said application for the '503 patent; and

i. The claims of the '503 patent are invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States

Code, including but not limited to 35 U.S.C. § § 101, 102, 103, 112, 115, 116, 132 and 286.

THIRD AFFIRMATIVE DEFENSE

43. Defendant alleges that it is not liable to plaintiff for the acts alleged to have been performed from March 23, 1999 to October 6, 2005. During that period plaintiff did not mark any of plaintiff's patented products as required by 35 U.S.C.A. § 287 or otherwise give defendant notice that defendant's acts allegedly infringed the patent in question.

FOURTH AFFIRMATIVE DEFENSE

44. Defendant denies that it has infringed the '503 patent, either directly or contributorily or by inducing others, either within this judicial district or elsewhere in the United States.

FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff is estopped to assert or maintain a construction of the '503 patent or any claim thereof that would cover or read upon any method used by defendants for the reasons that, during the prosecution of the application for the '503 patent in the United States Patent and Trademark Office, the patentee, or patentee's duly authorized representative, acting on requirements of the Director of Patents and Trademarks and by reason of the prior art cited against the application, so limited the claims of the '503 patent as to exclude from the purview of such claims any acts of defendants.

SIXTH AFFIRMATIVE DEFENSE

46. RSI is estopped and barred by the equitable doctrine of laches from maintaining its claims for infringement. By failing to prosecute these claims within a reasonable time after RSI knew or should have known of all the facts and of all the acts of TanUS on which plaintiff now purports to state a claim for infringement.

SEVENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claim is barred, in whole or in part, by the doctrine of intervening rights pursuant to 35 U.S.C. §§ 252 and 307.

**COUNTERCLAIM**

TanUS, for its Counterclaim as against plaintiff RSI Home Products Management, Inc., alleges as follows:

48. This is a counterclaim for: (a) declaratory judgment of patent non-infringement and invalidity under the Patent Laws of the United States, Title 35 of the United States Code and Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202; (b) patent misuse arising under the laws of the United States, Titles 15 and 35 of the United States Code and (c) tortious interference with business relations. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338, and 1367. Plaintiff has submitted itself to the jurisdiction of this Court. Jurisdiction is also conferred upon this Court in that this counterclaim arises out of the same transaction that is the subject matter of the Complaint.

49. TanUS is a corporation formed under the laws of the State of Delaware and has its principal place of business in Weslaco, Texas.

50. Upon information and belief, RSI is a corporation formed under the laws of the State of Delaware and has its corporate headquarters in Newport Beach, California.

COUNTERCLAIM COUNT I
Declaratory Judgment- Noninfringement

51. Paragraphs 1-50 are realleged and incorporated fully as if set forth herein.

52. RSI has alleged that it is the owner of the '503 patent, issued on March 23, 1999. RSI has charged TanUS with infringement of the patent, and defendant has denied any infringement of it, and has further denied that the patent is valid and enforceable. Therefore, there

exists an actual and justiciable controversy between RSI and TanUS with respect to defendant's purported infringement of the patent and its validity.

53. Defendant has not infringed, and is not now infringing, either directly or in a contributory fashion, and has not induced others to infringe the '503 patent.

54. Unless this Court grants a declaratory judgment, RSI will continue to bring costly charges of infringement based upon the '503 patent against defendant and those in privity with defendant, including defendant's customers and prospective customers.

COUNTERCLAIM COUNT II
Declaratory Judgment- Invalidity

55. Paragraphs 1-54 are realleged and incorporated fully as if set forth herein.

56. The '503 patent is invalid, null, void and unenforceable for the reasons stated in TanUS's response to Paragraph 42 of RSI's Complaint, which is incorporated by reference as if fully set forth herein.

57. Defendant has not infringed, and is not now infringing, either directly or in a contributory fashion, and has not induced others to infringe the '503 patent.

58. Unless this Court grants a declaratory judgment, RSI will continue to bring costly charges of infringement based upon the '503 patent against defendant and those in privity with defendant, including defendant's customers and prospective customers.

COUNTERCLAIM COUNT III
Patent Misuse

59. Paragraphs 1-58 are realleged and incorporated fully as if set forth herein.

60. Despite its knowledge that TanUS's products do not infringe the claims of the '503 patent, and despite its knowledge that the claims of the '503 patent are invalid, RSI instituted this lawsuit in bad faith with the intent to drive TanUS out of business.

61. As set forth in Paragraph 42 above, RSI had knowledge that the '503 patent was invalid or unenforceable before bringing suit against TanUS.

62. TanUS has been harmed and damaged by RSI's conduct.

COUNTERCLAIM COUNT IV
Tortious Interference With Business Relations

63. Paragraphs 1-62 are realleged and incorporated fully as if set forth herein.

64. In August 2005, TanUS and a major customer were negotiating for the sale and purchase of spray granule gel coat vanity tops. The potential relationship was extremely valuable and lucrative for TanUS.

65. RSI made false statements to the major customer regarding TanUS's spray granule gel coat vanity tops. These false statements include that TanUS's spray granule gel coat vanity tops infringe the '503 patent and that purchases of those products create liability for patent infringement.

66. RSI acted intentionally and maliciously in a manner that negatively affected the contract that TanUS was able to achieve. As a result of RSI's actions, TanUS was forced to shift from a more profitable product mix to a less profitable product mix. Absent RSI's interference, TanUS would have been able to enter into a contract for the more profitable products. RSI actually was aware of the prospective and advantageous commercial relationship between TanUS and its customer. Nevertheless, RSI intentionally interfered with the relationship and TanUS's rights by falsely stating that TanUS's spray granule gel coat vanity tops infringe the '503 patent.

67. The result of such conduct was foreseeable and occurred as a direct result of RSI's intentional, unlawful, and unexcused interference with TanUS's relationship with its customer.

68. As a result of RSI's intentional, unlawful, and unexcused interference with TanUS's ability to enter into certain agreements for the sale of spray granule gel coat vanity tops,

TanUS has suffered actual and consequential damages.

69. RSI's conduct was committed intentionally, knowingly and with callous disregard of TanUS's legitimate rights. TanUS is thus entitled to recover punitive damages.

**DEMAND FOR JURY TRIAL**

70. TanUS hereby demands a jury trial as to all issues raised in this action which are so triable.

WHEREFORE, Defendant TAN U.S. Group, Inc. prays for the following relief:

(a) That RSI's complaint be dismissed with prejudice and that RSI have and recover nothing;

(b) That this Court enter an order declaring U.S. Patent No. 5,885,503 invalid;

(c) That this Court enter an order declaring that TanUS has not directly or contributorily infringed, or induced infringement of, U.S. Patent No. 5,885,503;

(d) That this Court enjoin RSI, its officers, agents, servants, employees, attorneys, representatives, successors, and assigns, and those persons in active concert or participation with them, from all further charges of infringement and acts of enforcement or suit based upon Patent No. 5,885,503 or threatening any such action, against TanUS or anyone in privity with TanUS, including TanUS's dealers and customers;

(e) That this Court enter an order declaring that RSI misused U.S. Patent No. 5,370,706;

(f) That TanUS be awarded its actual damages, according to proof;

(g) That TanUS be awarded its costs and attorneys' fees in this action pursuant to Section 285 of the Patent Act (35 U.S.C.A. § 285); and

(h) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

David C. McBride (DE # 408)
John W. Shaw (DE #3362)
Dawn M. Jones (DE #4270)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600
dmcbride@ycst.com
Counsel for Defendant

OF COUNSEL

Joseph J. Frank
Jason N. Zakia
Evelyn Baltodano-Sheehan
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

December 12, 2005

**CERTIFICATE OF SERVICE**

I, Dawn M. Jones, hereby certify that on December 12, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such document is available for viewing and downloading to the following counsel of record:

Frederick L. Cottrell, III, Esq.
Alyssa M. Schwarz, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

I further certify that I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY FEDERAL EXPRESS & FACSIMILE TRANSMISSION**

T. Earl LeVere, Esq.
Bricker & Eckler LLP
100 South Third Street
Columbus, OH 43215

Jerry K. Mueller, Jr.
Mueller & Smith, LPA
7700 Rivers Edge Drive
Columbus, OH 43235

YOUNG CONAWAY STARGATT & TAYLOR, LLP

David C. McBride (No. 408)
John W. Shaw (No. 3362)
Dawn M. Jones (No. 4270)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
djones@ycst.com

Attorneys for Defendant