IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RSI HOME PRODUCTS MANAGEMENT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-722-GMS |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| TAN U.S. GROUP, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RSI HOME PRODUCTS MANAGEMENT, INC.'S
REPLY TO THE COUNTERCLAIM OF TAN U.S. GROUP, INC.**

Now comes Plaintiff RSI Home Products Management, Inc. ("RSI"), by and through counsel, and, for its reply to the Counterclaim of Defendant Tan U.S. Group, Inc. ("TanUS"), hereby admits, denies, and avers as follows:

**COUNTERCLAIM[1]**

48.  Paragraph 48 of Defendant TanUS's Counterclaim sets forth legal conclusions, which do not require a substantive response. To the extent, however, that Paragraph 48 of Defendant's Counterclaim sets forth factual allegations, Plaintiff RSI denies same.

49.  Plaintiff RSI admits the allegations set forth in Paragraph 49 of Defendant's Counterclaim.

50.  Plaintiff RSI admits the allegations set forth in Paragraph 50 of Defendant's Counterclaim.

---

[1] Paragraphs 1 through 47 of Defendant's Answer, Affirmative Defenses, and Counterclaim are Defendant's responses and affirmative defenses to the facts alleged in Plaintiff's Complaint and therefore do not merit addressing in this document.

## COUNTERCLAIM COUNT I
### Declaratory Judgment – Noninfringement

51. For its response to Paragraph 51 of Defendant's Counterclaim, Plaintiff RSI reasserts Paragraphs 48-50 of this Reply as if fully set forth here.

52. Plaintiff RSI admits that it is the owner of U.S. Patent 5,855,503 ("the '503 Patent") and admits that it has charged Defendant TanUS with infringement thereof. RSI admits that Defendant TanUS has denied infringement and that TanUS has denied that the '503 Patent is valid and enforceable. Plaintiff RSI denies, however, that an actual and justiciable controversy exists as to Defendant's infringement or as to the validity and/or enforceability of the '503 Patent as all evidence on these issues weighs in favor of the Plaintiff.

53. Plaintiff RSI denies the allegations set forth in Paragraph 53 of Defendant's Counterclaim.

54. In response to Paragraph 54 of Defendant's Counterclaim, Plaintiff admits that it intends to protect and enforce its rights in the '503 Patent. Plaintiff RSI denies that it presently intends to assert any claims of patent infringement against those in privity with Defendant TanUS. Plaintiff denies all other allegations in Paragraph 54 of Defendant's Counterclaim.

## COUNTERCLAIM COUNT II
### Declaratory Judgment – Invalidity

55. For its response to Paragraph 55 of Defendant's Counterclaim, Plaintiff RSI reasserts Paragraphs 48-54 of this Reply as if fully set forth here.

56. Plaintiff RSI denies the allegations set forth in Paragraph 56 of Defendant's Counterclaim.

57. Plaintiff RSI denies the allegations set forth in Paragraph 57 of Defendant's Counterclaim.

RLF1-2963991-1

58.     In response to Paragraph 58 of Defendant's Counterclaim, Plaintiff admits that it intends to protect and enforce its rights in the '503 Patent. Plaintiff RSI denies that it presently intends to assert any claims of patent infringement against those in privity with Defendant TanUS. Plaintiff denies all other allegations in Paragraph 54 of Defendant's Counterclaim.

### COUNTERCLAIM COUNT III
### Patent Misuse

59.     For its response to Paragraph 59 of Defendant's Counterclaim, Plaintiff RSI reasserts Paragraphs 48-58 of this Reply as if fully set forth here.

60.     For its response to Paragraph 60 of Defendant TanUS's Counterclaim, Plaintiff RSI denies that it knows, believes, or has reason to believe that Defendant's products do not infringe the '503 Patent and further denies that it knows, believes, or has reason to believe that any of the claims of the '503 Patent are invalid. Plaintiff RSI admits that it instituted this action but denies that it did so in bad faith. Plaintiff RSI denies all other allegations in Paragraph 60 of Defendant's Counterclaim.

61.     Plaintiff RSI denies the allegations set forth in Paragraph 61 of Defendant's Counterclaim.

62.     Plaintiff RSI denies the allegations set forth in Paragraph 62 of Defendant's Counterclaim.

### COUNTERCLAIM COUNT IV
### Tortious Interference With Business Relations

63.     For its response to Paragraph 63 of Defendant's Counterclaim, Plaintiff RSI reasserts Paragraphs 48-62 of this Reply as if fully set forth here.

64.     Plaintiff RSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of Defendant's Counterclaim.

RLF1-2963991-1

65. Plaintiff RSI denies the allegations set forth in Paragraph 65 of Defendant's Counterclaim and specifically denies that statements accusing Defendant's products of infringing the '503 Patent are or would be false.

66. For its response to Paragraph 66 of Defendant's Counterclaim, Plaintiff RSI denies that it acted intentionally or maliciously at any time with respect to Defendant TanUS and further denies that any action by Plaintiff RSI negatively affected TanUS in any way. Plaintiff RSI lacks knowledge or information sufficient to form a belief as to the truth of Defendant's allegation that it changed formulations at any time or that Defendant's new formulation was any less profitable than any of Defendant's prior formulations. Plaintiff denies that it "was aware of the prospective and advantageous commercial relationship between TanUS and its customer" and further denies that it interfered, intentionally or otherwise, with the relationship or with Defendant TanUS's rights in any way or through any act, omission, or statement.

67. For its response to Paragraph 67 of Defendant's Counterclaim, Plaintiff RSI specifically denies that it engaged in the conduct alleged by Defendant TanUS and denies all other allegations in Paragraph 67 of Defendant's Counterclaim.

68. Plaintiff RSI denies the allegations set forth in Paragraph 68 of Defendant's Counterclaim.

69. Plaintiff RSI denies the allegations set forth in Paragraph 69 of Defendant's Counterclaim.

### DEMAND FOR JURY TRIAL

70. Paragraph 70 of Defendant's Counterclaim does not contain factual allegations and, as such, does not require a substantive response.

71. Plaintiff RSI denies any and all allegations not specifically admitted elsewhere herein.

## FIRST AFFIRMATIVE DEFENSE

72. Defendant's Counterclaim fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

73. Defendant's Counterclaim is barred in whole or in part by Defendant's own wrongful actions or omissions.

## THIRD AFFIRMATIVE DEFENSE

74. The damages sustained by Defendant, if any, are the direct and proximate result of conduct by individuals who were not under the direction or control of Plaintiff RSI.

## FOURTH AFFIRMATIVE DEFENSE

75. Defendant's Counterclaim is barred in whole or in part the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

76. Defendant's Counterclaim is barred in whole or in part because Defendant has not shown an actual case or controversy regarding the validity or enforceability of the '503 Patent other than its unsupported and conclusory allegations.

## SIXTH AFFIRMATIVE DEFENSE

77. Defendant's Counterclaim is barred in whole or in part by the fact that Plaintiff made any and all statements regarding Defendant's infringement of the '503 Patent in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

78. Defendant's Counterclaim is barred in whole or in part because Defendant has not suffered any damages as a result of any action or conduct by Plaintiff RSI.

## EIGHTH AFFIRMATIVE DEFENSE

79. Defendant's Counterclaim is barred in whole or in part by Defendant's failure to satisfy the pleading requirements of Federal Civil Rule 9(b).

### NINTH AFFIRMATIVE DEFENSE

80. Defendant's claim for injunctive relief is barred in whole or in part because Defendant has failed to allege any irreparable harm.

### TENTH AFFIRMATIVE DEFENSE

81. Defendant fails to allege facts sufficient to allow a recovery of its attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff RSI Home Products Management, Inc. respectfully requests that this Court dismiss Defendant's Counterclaim with prejudice and award Plaintiff RSI its costs and fees incurred in responding to Defendant's Counterclaim.

Of Counsel:

T. Earl LeVere
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
(614) 227-2328

Jerry K. Mueller, Jr.
Mueller & Smith, LPA
7700 Rivers Edge Drive
Columbus, Ohio 43235
(614) 436-0600

Dated: December 30, 2005

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Plaintiff RSI Home Products Management, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2005, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### VIA HAND DELIVERY

David C. McBride
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on December 30, 2005, I have caused the foregoing to be sent by Federal Express to the following non-registered participant:

Joseph J. Frank
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, FL 33131-2352

Alyssa M. Schwartz (#4351)
schwartz@rlf.com