IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RSI HOME PRODUCTS, INC., <br> RSI HOME PRODUCTS MANAGEMENT, <br> INC., and RSI HOME PRODUCT SALES, <br> INC. <br><br> Plaintiffs, <br> v. <br><br> TAN U.S. GROUP, INC., <br><br> Defendant. | C.A. No. 05-722-GMS <br><br> **JURY TRIAL DEMANDED** |

## TAN U.S. GROUP, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Tan U.S. Group, Inc. ("Tan U.S.") hereby demands a jury trial as to all issues raised in this action which are so triable and, for its Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint ("Amended Complaint") of Plaintiffs RSI Home Products, Inc., RSI Home Products Management, Inc., and RSI Home Products Sales, Inc. (collectively "RSI"), based on personal knowledge as to its own actions and based on information and belief as to all other matters, states:

### ANSWER

1. Tan U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint, and therefore DENIES those allegations.

2. Tan U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, and therefore DENIES those allegations.

3. Tan U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint, and therefore DENIES those allegations.

4. Tan U.S. ADMITS the allegations contained in paragraph 4 of the Amended Complaint.

5. Tan U.S. ADMITS the allegations contained in paragraph 5 of the Amended Complaint.

6. Tan U.S. ADMITS that plaintiffs' Amended Complaint purports to state a claim for patent infringement and for other claims, but Tan U.S. DENIES the merits and sufficiency of plaintiffs' Amended Complaint.

7. Tan U.S. ADMITS the allegations contained in paragraph 7 of the Amended Complaint.

8. Tan U.S. ADMITS the allegations contained in paragraph 8 of the Amended Complaint.

9. Tan U.S. DENIES that venue in this District is appropriate.

10. Tan U.S. incorporates its responses to paragraphs 1-9 above as if fully set forth herein.

11. Tan U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint, and therefore DENIES those allegations.

12. Tan U.S. ADMITS the allegations contained in paragraph 12 of the Amended Complaint.

13. Tan U.S. is without information sufficient to form a belief as to the truth

of the allegations contained in paragraph 13 of the Amended Complaint, and therefore DENIES those allegations.

14. Tan U.S. DENIES that the U.S. Patent No. 5,885,503 ("the '503 patent") describes an invention and that such patent was duly or legally issued. Tan U.S. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Amended Complaint and therefore DENIES those allegations.

15. Tan U.S. DENIES the allegations contained in paragraph 15 of the Amended Complaint.

16. Tan. U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint, and therefore DENIES those allegations.

17. Tan. U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint, and therefore DENIES those allegations.

18. Tan. U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint, and therefore DENIES those allegations.

19. Tan. U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint, and therefore DENIES those allegations.

20. Tan. U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint, and therefore DENIES those allegations.

21. Tan. U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint, and therefore DENIES those allegations.

22. Tan. U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint, and therefore DENIES those allegations.

23. Tan. U.S. is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint, and therefore DENIES those allegations.

24. Tan. U.S. ADMITS the allegations contained in paragraph 24 of the Amended Complaint.

25. Tan U.S. ADMITS the allegations contained in paragraph 25 of the Amended Complaint.

26. Tan U.S. ADMITS the allegations contained in paragraph 26 of the Amended Complaint.

27. Tan U.S. ADMITS the allegations contained in paragraph 27 of the Amended Complaint.

28. Tan U.S. ADMITS the allegations contained in paragraph 28 of the Amended Complaint.

29. The Amended Complaint does not define the word "molded." Defendant is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30. Tan U.S. ADMITS the allegations contained in paragraph 30 of the

Amended Complaint.

31. Tan U.S. DENIES the allegations contained in paragraph 31 of the Amended Complaint.

32. Tan U.S. DENIES the allegations contained in paragraph 32 of the Amended Complaint.

33. Tan U.S. DENIES the allegations contained in paragraph 33 of the Amended Complaint.

34. Tan U.S. DENIES the allegations contained in paragraph 34 of the Amended Complaint.

35. Tan U.S. DENIES the allegations contained in paragraph 35 of the Amended Complaint.

36. Tan U.S. ADMITS the allegations contained in paragraph 36 of the Amended Complaint.

37. Tan U.S. ADMITS the allegations contained in paragraph 37 of the Amended Complaint.

38. Tan U.S. DENIES the allegations contained in paragraph 38 of the Amended Complaint.

39. Tan U.S. DENIES the allegations contained in paragraph 39 of the Amended Complaint.

40. Tan U.S. ADMITS that it manufactures, sells, and offers for sale a variety of products, including vanity tops. Tan U.S. DENIES each and every additional allegation contained in paragraph 40 of the Amended Complaint.

41. Tan U.S. ADMITS the allegations contained in paragraph 41 of the

Amended Complaint.

## COUNT I

42. Tan U.S. incorporates by reference its responses to paragraphs 1-41 above as if fully set forth herein.

43. Tan U.S. DENIES each and every allegation contained in paragraph 43 of the Amended Complaint.

44. Tan U.S. DENIES each and every allegation contained in paragraph 44 of the Amended Complaint.

45. Tan U.S. DENIES each and every allegation contained in paragraph 45 of the Amended Complaint.

46. Tan U.S. DENIES each and every allegation contained in paragraph 46 of the Amended Complaint.

47. Tan U.S. DENIES each and every allegation contained in paragraph 47 of the Amended Complaint and states that it is plaintiffs' burden to identify the products that they alleges are infringing before filing a complaint.

48. Tan U.S. ADMITS that it has not obtained from RSI a license to use the '503 patent, but Tan U.S. DENIES that any such license is necessary, as the '503 patent is invalid and Tan U.S. does not make, use, sell, offer for sale, or import any product that infringes the '503 patent.

49. Tan U.S. DENIES each and every allegation contained in paragraph 49 of the Amended Complaint.

50. Tan U.S. DENIES each and every allegation contained in paragraph 50 of the Amended Complaint.

51.  Tan U.S. DENIES each and every allegation contained in paragraph 51 of the Amended Complaint.

52.  Tan U.S. DENIES each and every allegation contained in paragraph 52 of the Amended Complaint.

53.  Tan U.S. DENIES each and every allegation contained in paragraph 53 of the Amended Complaint.

54.  Tan U.S. DENIES each and every allegation contained in paragraph 54 of the Amended Complaint.

## COUNT II

55.  Tan U.S. incorporates by reference its responses to paragraphs 1-54 above, as if fully set forth herein.

56.  Tan U.S. ADMITS the allegations contained in paragraph 56 of the Amended Complaint.

57.  Tan U.S. ADMITS the allegations contained in paragraph 57 of the Amended Complaint.

58.  Tan U.S. DENIES each and every allegation contained in paragraph 58 of the Amended Complaint.

59.  Tan U.S. DENIES each and every allegation contained in paragraph 59 of the Amended Complaint.

60.  Tan U.S. DENIES each and every allegation contained in paragraph 60 of the Amended Complaint.

61.  Tan U.S. DENIES each and every allegation contained in paragraph 61 of the Amended Complaint.

62. Tan U.S. DENIES each and every allegation contained in paragraph 62 of the Amended Complaint.

63. Tan U.S. DENIES each and every allegation contained in paragraph 63 of the Amended Complaint.

64. Tan U.S. DENIES each and every allegation contained in paragraph 64 of the Amended Complaint.

## COUNT III

65. Tan U.S. incorporates by reference its responses to paragraphs 1-64 above, as if fully set forth herein.

66. Tan U.S. has moved to dismiss Count III of the Amended Complaint, alleging tortious interference with business relations, as insufficient to state a claim under Fed. R. Civ. P. 12(b)(6) and is therefore not required to answer the allegations set forth in paragraphs 66-80 of the Amended Complaint at this time. To the extent that Tan U.S. is required to answer the allegations set forth in paragraphs 66-80 of plaintiffs' Amended Complaint, those allegations are denied. More specifically, Tan U.S. denies that it has infringed or is infringing the '503 patent.

## COUNT IV

81. Tan U.S. incorporates by reference its responses to paragraphs 1-80 above, as if fully set forth herein.

82. Tan U.S. has moved to dismiss Count IV of the Amended Complaint, alleging deceptive trade practices, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), and is therefore not required to answer the allegations set forth in paragraphs 82-89 of the Amended Complaint at this time. To the extent that Tan U.S. is required to answer the allegations set forth in paragraphs

82-89 of plaintiffs' Amended Complaint, those allegations are denied. More specifically, Tan U.S. denies that it has infringed or is infringing the '503 patent.

## DEFENSES

Tan U.S. reserves the right to present additional defenses and/or responses and/or counterclaims as such matters are revealed during the course of the litigation. Tan U.S. hereby pleads the following defenses and affirmative defenses to the Amended Complaint:

### FIRST DEFENSE

83. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

84. The '503 patent is invalid, void, and unenforceable for one or more of the following reasons:

    a. RSI has charged Tan U.S. with infringement of the '503 patent under circumstances in which RSI knows or has reason to know that the claims are invalid and/or unenforceable. During the course of a previous patent infringement action brought in the United States District Court for the Southern District of Ohio by Etura Premier LLC against RSI regarding the '503 patent (*Etura Premier LLC v. RSI Home Products, Inc.*, Case No. C2-01-1160), RSI admitted that the '503 patent was invalid and unenforceable. RSI further admitted that the scope of the '503 patent was too narrow to reach the products manufactured by Tan U.S. RSI's admissions negate the contentions of infringement alleged in RSI's Amended Complaint and further establish the invalidity of the '503 patent;

    b. The '503 patent is invalid and void for the reason that the alleged invention purported to be patented was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention by the applicant for patent, due notice as to which will be given;

    c. The '503 patent is invalid and void for the reason that the description in the specification of the patent of the alleged invention, and of the manner and process of using it, is not in such

full, clear, concise and exact terms as to enable a person skilled in the art to which it pertains, or to which it is most nearly connected, to make and use it, and such description does not set forth the best mode contemplated by the patentee for carrying out his or her alleged invention;

d. The '503 patent is invalid and void for the reason that such claims are indefinite and ambiguous and, therefore, do not particularly point out and distinctly claim, within the meaning of the patent laws, the subject matter that the patentee regards as his inventions;

e. Applicants for the '503 patent did not invent or discover the subject matter purported to be covered by the '503 patent; all material or substantial parts thereof had, prior to the application for the '503 patent, been invented by, known to, and used by others than said applicants;

f. The differences, if any, between the subject matter of the alleged invention, discovery, or improvement of the '503 patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention, discovery, or improvement was made to a person having ordinary skill in the art to which said subject matter pertains;

g. The alleged invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States; and

h. The claims of the '503 patent are invalid for failing to satisfy the requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 116.

## THIRD DEFENSE

85. Defendant alleges that it is not liable to plaintiff for the acts alleged to have been performed from March 23, 1999 to October 6, 2005. During that period plaintiffs did not mark any of plaintiffs' patented products as required by 35 U.S.C.A. § 287 or otherwise give defendant notice that defendant's acts allegedly infringed the patent in question.

## FOURTH DEFENSE

86. Defendant denies that it has infringed the '503 patent, either directly or contributorily or by inducing others, either within this judicial district or elsewhere in the United States.

## FIFTH DEFENSE

87. Plaintiffs are estopped to assert or maintain a construction of the '503 patent or any claim thereof that would cover or read upon any method used by defendants for the reason that, during the prosecution of the application for the '503 patent in the United States Patent and Trademark Office, the patentee, or patentee's duly authorized representative, acting on requirements of the Director of Patents and Trademarks and by reason of the prior art cited against the application, so limited the claims of the '503 patent as to exclude from the purview of such claims any acts of defendants.

## SIXTH DEFENSE

88. RSI is estopped and barred by the equitable doctrines of equitable estoppel and/or laches from maintaining its claims for infringement. RSI failed to prosecute these claims within a reasonable time after RSI or its predecessor in interest knew or should have known of all the facts and of all the acts of Tan U.S. upon which plaintiff now purports to state a claim for infringement.

## SEVENTH DEFENSE

89.  Plaintiffs are barred by the doctrines of judicial estoppel and collateral estoppel from asserting that Tan U.S. infringes the '503 patent and/or that the '503 patent is not invalid.

## COUNTERCLAIMS

Tan U.S., for its Counterclaims against plaintiffs RSI Home Products, Inc., RSI Home Products Management, Inc., and RSI Home Products Sales, Inc., states:

90.  This is a counterclaim for: (a) declaratory judgment of patent non-infringement and invalidity under the Patent Laws of the United States, Title 35 of the United States Code and Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202; (b) patent misuse arising under the laws of the United States, Titles 15 and 35 of the United States Code; and (c) tortious interference with business relations. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338, and 1367. Plaintiff has submitted itself to the jurisdiction of this Court. Jurisdiction is also conferred upon this Court in that this counterclaim arises out of the same transaction that is the subject matter of the Amended Complaint.

91.  Tan U.S. is a corporation formed under the laws of the State of Delaware and has its principal place of business in Weslaco, Texas.

92.  Upon information and belief, RSI Home Products, Inc. is a corporation formed under the laws of the State of Delaware and has its corporate headquarters in Anaheim, California.

93.  Upon information and belief, RSI Home Products Management, Inc. is a corporation formed under the laws of the State of Delaware and has its corporate headquarters in Newport Beach, California.

94. Upon information and belief, RSI Home Products Sales, Inc. is a corporation formed under the laws of the State of Delaware and has its corporate headquarters in Newport Beach, California.

### COUNT I: Declaratory Judgment-Noninfringement

95. Paragraphs 1-94 are realleged and incorporated fully as if set forth herein.

96. RSI has alleged that it is the owner of the '503 patent, issued on March 23, 1999. RSI has charged Tan U.S. with infringement of the patent, and defendant has denied any infringement of it, and has further denied that the patent is valid and enforceable. Therefore, there exists an actual and justiciable controversy between RSI and Tan U.S. with respect to defendant's purported infringement of the patent and its validity.

97. Defendant has not infringed, and is not now infringing, either directly or in a contributory fashion, and has not induced others to infringe the '503 patent.

98. Unless this Court grants a declaratory judgment, RSI will continue to bring costly charges of infringement based upon the '503 patent against defendant and those in privity with defendant, including defendant's customers and prospective customers.

### COUNT II: Declaratory Judgment-Invalidity

99. Paragraphs 1-98 are realleged and incorporated fully as if set forth herein.

100. The '503 patent is invalid, null, void, and unenforceable for the reasons stated in Tan U.S.'s response to paragraph 84 of RSI's Amended Complaint, which is incorporated by reference as if fully set forth herein.

101. Defendant has not infringed, and is not now infringing, either directly or in a contributory fashion, and has not induced others to infringe the '503 patent.

102. Unless this Court grants a declaratory judgment, RSI will continue to

bring costly charges of infringement based upon the '503 patent against defendant and those in privity with defendant, including defendant's customers and prospective customers.

## COUNT III: Patent Misuse

103. Paragraphs 1-102 are realleged and incorporated fully as if set forth herein.

104. Despite its knowledge that Tan U.S.'s products do not infringe the claims of the '503 patent, and despite its knowledge that the claims of the '503 patent are invalid, RSI instituted this lawsuit in bad faith with the intent to drive Tan U.S. out of business.

105. As set forth in paragraph 84 above, RSI had knowledge that the '503 patent was invalid or unenforceable before bringing suit against Tan U.S.

106. Tan U.S. has been harmed and damaged by RSI's conduct.

## COUNT IV: Tortious Interference With Business Relations

107. Paragraphs 1-106 are realleged and incorporated fully as if set forth herein.

108. In August 2005, Tan U.S. and a major customer were negotiating for the sale and purchase of spray granule gel coat vanity tops. The potential relationship was extremely valuable and lucrative for Tan U.S.

109. RSI made false statements to the major customer regarding Tan U.S.'s spray granule gel coat vanity tops. Those false statements included representations that Tan U.S.'s spray granule gel coat vanity tops infringe the '503 patent and that purchases of those products create liability for patent infringement.

110. RSI acted intentionally and maliciously in a manner that negatively affected the contract that Tan U.S. was able to achieve. As a result of RSI's actions, Tan U.S.

was forced to shift from a more profitable product mix to a less profitable product mix. Absent RSI's interference, Tan U.S. would have been able to enter into a contract for the more profitable products. RSI actually was aware of the prospective and advantageous commercial relationship between Tan U.S. and its customer. Nevertheless, RSI intentionally interfered with the relationship and Tan U.S.'s rights by falsely stating that Tan U.S.'s spray granule gel coat vanity tops infringe the '503 patent.

111. The result of such conduct was foreseeable and occurred as a direct result of RSI's intentional, unlawful, and unexcused interference with Tan U.S.'s relationship with its customer.

112. As a result of RSI's intentional, unlawful, and unexcused interference with Tan U.S.'s ability to enter into certain agreements for the sale of spray granule gel coat vanity tops, Tan U.S. has suffered actual and consequential damages.

113. RSI's conduct was committed intentionally, knowingly, and with callous disregard of Tan U.S.'s legitimate rights. Tan U.S. is thus entitled to recover punitive damages.

## DEMAND FOR JURY TRIAL

114. Tan U.S. hereby demands a jury trial as to all issues raised in this action which are so triable.

WHEREFORE, Defendant Tan U.S. Group, Inc. prays for the following relief:

(a) That RSI's Amended Complaint be dismissed with prejudice and that RSI have and recover nothing;

(b) That this Court enter an order declaring U.S. Patent No. 5,885,503 invalid;

(c) That this Court enter an order declaring that Tan U.S. has not directly or contributorily infringed, or induced infringement of U.S. Patent No. 5,885,503;

(d) That this Court enjoin RSI, its officers, agents, servants, employees, attorneys, representatives, successors, and assigns, and those persons in active concert or participation with them, from all further charges of infringement and acts of enforcement or suit based upon Patent No. 5,885,503 and from threatening any such action, against Tan U.S. or anyone in privity with Tan U.S., including Tan U.S.'s dealers and customers;

(e) That this Court enter an order declaring that RSI misused U.S. Patent No. 5,370,706;

(f) That Tan U.S. be awarded its actual damages, according to proof;

(g) That Tan U.S. be awarded its costs and attorneys' fees in this action pursuant to Section 285 of the Patent Act (35 U.S.C.A. § 285); and

(h) Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        */s/ Dawn M. Jones*
        David C. McBride (#408)
        John W. Shaw (#3362)
        Dawn M. Jones (#4270)
        Young Conaway Stargatt & Taylor, LLP
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, DE 19899-0391
        Telephone: (302) 571-6600
        jshaw@ycst.com

        Attorneys for Defendant Tan U.S. Group, Inc.

OF COUNSEL

Charles C. Kline
Jason N. Zakia
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Kevin X. McGann
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8312
Facsimile: (212) 314-8113

## CERTIFICATE OF SERVICE

I, Dawn M. Jones, Esquire, hereby certify that on March 27, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Frederick L. Cottrell, III, Esquire
> Alyssa M. Schwartz, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801

I further certify that on March 27, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS AND FACSIMILE TRANSMISSION:**

> T. Earl LeVere, Esquire
> Bricker & Eckler LLP
> 100 South Third Street
> Columbus, OH 43215
>
> Jerry K. Mueller, Jr., Esquire
> Mueller & Smith, LPA
> 7700 Rivers Edge Drive
> Columbus, OH 43235

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Dawn M. Jones

Dawn M. Jones (No. 4270)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
djones@ycst.com

Attorneys for Tan U.S. Group, Inc.