IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RSI HOME PRODUCTS, INC., <br> RSI HOME PRODUCTS MANAGE- <br> MENT, INC., and RSI HOME PRODUCT <br> SALES, INC. <br><br>              Plaintiffs, <br>       v. <br><br> TAN U.S. GROUP, INC., <br><br>              Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 05-722-GMS <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS III & IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT

OF COUNSEL:

Charles C. Kline
Jason N. Zakia
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
(305) 371-2700

Kevin X. McGann
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8312

Dated: March 27, 2006

David C. McBride (No. 408)
John W. Shaw (No. 3362)
Dawn M. Jones (No. 4270
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
   jshaw@ycst.com
Attorneys for Defendant Tan U.S. Group, Inc.

# TABLE OF CONTENTS

Table of Contents ............................................................................................................. i

Table of Citations .............................................................................................................. i

Statement of the Nature and Stage of the Proceeding ..................................................... 1

Summary of Argument .................................................................................................... 2

Statement of Facts ........................................................................................................... 2

Argument ......................................................................................................................... 4

    I.    Plaintiff's State Law Claims Are Preempted ....................................................... 4

    II.   Plaintiffs Failed To Plead Deceptive Trade Practices With Specificity .................. 5

    III.  Plaintiffs' Deceptive Trade Practices Claim Fails Under Applicable Law ............. 6

        A.  Competitors Lack Standing Under The Texas Unfair And Deceptive Trade Practices Act. ................................................................................. 7

        B.  Georgia Law Does Not Award Damages For Deceptive Trade Practices. .......................................................................................................... 7

Conclusion ....................................................................................................................... 8

# **TABLE OF CITATIONS**

## **CASES**

*Amstadt v. U.S. Brass Corp.*,
   919 S.W.2d 644 (Tex. Ct. App. 1996) ........................................................................7

*CLI Corp. v. Ludowici U.S.A.*, No. Civ.A 01-801,
   2001 WL 1734736 (W.D. Pa. Nov. 14, 2001) ..........................................................4, 5

*Carousel's Creamery, L.L.C. v. Marble Slab Creamery, Inc.*,
   134 S.W.3d 385 (Tex. Ct. App. 2004) ........................................................................7

*DaimlerChrysler Corp. v. Inman*,
   121 S.W.3d 862 (Tex. Ct. App. 2003) ........................................................................7

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
   153 F.3d 1318 (Fed. Cir. 1998) ..................................................................................4

*Lauria v. Ford Motor Co.*,
   312 S.E.2d 190 (Ga. Ct. App. 1983) ..........................................................................7

*Magliaro v. Lewis*,
   417 S.E.2d 395 (Ga. Ct. App. 1992) ..........................................................................7

*Patel v. Holiday Hospitality Franchising, Inc.*,
   172 F. Supp. 2d 821 (N.D. Tex. 2001) .......................................................................5

*Semiconductor Energy Lab. Co. v. Samsung Elec. Co.*,
   204 F.3d 1368 (Fed. Cir. 2000) ..................................................................................4

*Shapiro v. UJB Fin. Corp.*,
   964 F.2d 272 (3d. Cir. 1992) ......................................................................................6

*Stires v. Carnival Corp.*,
   243 F. Supp. 1313 (M.D. Fla. 2002) ..........................................................................5

*Toner v. Allstate Ins. Co.*,
   821 F. Supp. 276 (D. Del. 1993) ................................................................................5

*Witherspoon v. Philip Morris Inc.*,
   964 F. Supp. 455 (D.D.C. 1997) ................................................................................5

## STATUTES

35 U.S.C. § 271(a) ..........................................................................................................4

Ga. Code Ann. § 10-1-373 (2006) ..................................................................................7

Fed. Rule 9(b) ..........................................................................................................2, 5, 6

Tex. Com. Code §§ 17.41-17.63 (Vernon 2005) ............................................................6

**Statement of the Nature and Stage of the Proceeding**

This patent infringement action was initially filed by RSI Home Products Management, Inc. on October 7, 2005, alleging that Tan U.S. Group, Inc. ("Tan" or "defendant") infringed US Patent 5,885,503 ("the '503 patent"). On December 12, 2005 defendant timely filed its answer, defenses and counterclaims to plaintiff's original complaint.

On February 23, 2006, plaintiff filed an unopposed motion for leave to file an amended complaint. The Amended Complaint added two of plaintiff's affiliated companies, RSI Home Products, Inc. and RSI Home Product Sales Inc. (collectively with RSI Home Products Management, Inc. "RSI" or "plaintiffs") as co-plaintiffs. In addition, the Amended Complaint asserted state law claims for tortious interference with business relations and deceptive trade practices. On the same day, this Court granted plaintiff leave to file the Amended Complaint and granted defendant through and including March 27, 2006 to answer, move or otherwise respond.

The Court has set a scheduling conference for Wednesday, March 29, 2006 at 9:30 A.M.

## Summary of Argument

Plaintiff's state law claims should be dismissed for three reasons.

1. *First,* plaintiffs' claims for both tortious interference and unfair trade practices are simply repackaged patent infringement claims. The wrongful conduct plaintiffs complain of is nothing more than the sale, and offering for sale, of products that allegedly infringe the '503 patent. Because these claims are based entirely on conduct governed by federal patent law they are preempted and should be dismissed.

2. *Second,* even if plaintiffs did have the ability to assert an unfair trade practices claim — and they do not — they have failed to comply with the pleading requirements of Fed. R. 9(b). Their vague and conclusory allegations provide no detail about the who, what, and where of the allegedly unfair trade practices. This provides a separate basis for the dismissal of Count IV.

3. *Third,* Count IV fails to state a claim under either the law of either of the states that have a significant relationship to these claims. Under Texas law (the State where defendant is based) plaintiffs lack standing to assert a Deceptive Trade Practices Act claim, which is available only to consumers and not to competitors. Under Georgia law (the State where the customer upon whom defendant allegedly used the deceptive trade practices is based) the relief sought by plaintiffs is not available.

## Statement of Facts

Although Tan denies the allegations of the Amended Complaint, this motion assumes that all well pled allegations of fact were true. Plaintiffs' own allegations establish that their state law claims should be dismissed. RSI and Tan are competitors that are both in the business of selling vanity tops to national retailers, such

as Home Depot, Inc. and Lowe's Home Improvement. (D.I. 9, ¶¶ 16, 24). The present action centers on RSI's allegation that Tan has produced and sold vanity tops that infringe upon the '503 patent. Plaintiffs allege that this infringement not only gives rise to liability under federal patent law, but also constitutes both tortious interference with contract and deceptive trade practices under state law. (D.I. 9, ¶¶ 65-89)

Plaintiffs' claim of tortious interference with business relationship (Count III) centers on RSI's alleged longstanding business relationship with Home Depot, Inc. (D.I. 9, ¶¶ 65-80). Plaintiffs allege that this relationship was damaged when Home Depot decided to stop buying vanity top products from RSI in November of 2005. (D.I. 9, ¶ 71) Specifically, the amended complaint alleges that "but for Defendant's offer of vanity tops that infringe the '503 patent . . . Plaintiff would not have lost its sales of vanity top products to Home Depot, Inc." (D.I. 9, ¶ 77) Plaintiffs allege that these lost sales cost them "in excess of $23 million per year." (D.I. 9, ¶ 79).

Plaintiffs' Deceptive Trade Practices claim (Count IV) is likewise based on the allegation that Tan infringed the '503 patent. This is made clear by the allegations of the Amended Complaint:

- "Tan U.S. has sold and offered for sale products that infringe [the] '503 patent." (D.I. 9, ¶ 82);

- "Tan U.S. has used its sales and offer of sales of infringing products as a means to sell other products [to customers of RSI.]" (D.I. 9, ¶ 83);

- "By offering [customers] products that embody the technology of the '503 patent, Defendant Tan U.S. committed an unfair and deceptive trade practice under applicable law" (D.I. 9, ¶ 87);

- "Defendant Tan U.S.'s offer for sale and sale of infringing and non-infringing products to [customers] and the representations and statements made in conjunction therewith, created a likelihood of

confusion or misunderstanding as to Defendant Tan U.S.'s rightful and legal ability to offer and sell such products." (D.I. 9,¶ 88).

As in Count III, plaintiffs allege that because of these acts plaintiffs lost vanity top business and related profits that "exceed $23 million per year." (Id. ¶ 89).[1]

## Argument

I.  Plaintiff's State Law Claims Are Preempted

Both of plaintiffs' state law tort claims are based entirely on the allegation that defendant sold, or offered for sale, products that infringe the '503 patent. Because these claims are based entirely on plaintiffs' allegations of patent infringement they are preempted by federal law and should be dismissed.

Courts have repeatedly recognized that state law tort claims based solely on conduct regulated by federal patent law are preempted. *See Semiconductor Energy Lab. Co. v. Samsung Elec. Co.,* 204 F.3d 1368, 1382 (Fed. Cir. 2000) (dismissing state law RICO claim based on conduct that was identical to unfair conduct under patent laws); *Hunter Douglas, Inc. v. Harmonic Design, Inc.,* 153 F.3d 1318, 1335 (Fed. Cir. 1998) ("If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law.").

Here, RSI alleges only that Tan harmed RSI by selling products that infringed the '503 patent. *See,* D.I. 9, ¶¶ 89. But the sale of an infringing product is at the very heart of the conduct governed the federal patent laws. *See* 35 U.S.C. § 271(a) ("whoever

---

[1] Count IV also includes references to false statements allegedly made by certain unidentified representatives of Tan. *See* D.I. 9, ¶¶ 85, 86. As set forth below, these vague and conclusory allegations are not sufficient to state a claim for deceptive trade practices.

3/27/2006 4:22 PM (2K)
MIAMI 640531 v3 [640531_3.DOC]

4

without authority makes, uses, **offers to sell, or sells** any patented invention . . . infringes the patent") (emphasis supplied).

Plaintiff's claims are strikingly similar to those dismissed in *CLI Corp. v. Ludowici U.S.A.*, No. Civ.A 01-801, 2001 WL 1734736, at *1 (W.D. Pa. Nov. 14, 2001). In *CLI Corp.*, the plaintiff attempted to asset a state law tortious interference claim by alleging defendant "improperly sought to capitalize upon the market for magnetic separators created by CLI by offering for sale, and selling, the LM Separators that infringe the 597 Patent." As here, plaintiff simply attempted to take its patent infringement claim and repackage it as a state law tort claim. The district court dismissed the claim, holding: "the state tort claim is based on the same conduct that is governed by federal patent law. Accordingly, it is preempted." *Id.* The same analysis applies here. The resolution of plaintiffs' state law claims hinges on a single question: did defendant infringe the '503 patent? Because this question is exclusively governed by federal patent law plaintiffs' state law claims are preempted and should be dismissed.

II.     Plaintiffs Failed To Plead Deceptive Trade Practices With Specificity

Nor can plaintiffs base a deceptive trade practices claim on the Amended Complaint's vague allusions to alleged "false statements" made by some unidentified Tan representative. (D.I. 9, ¶¶ 85, 86). These allegations are too vague and conclusory to state a claim for deceptive trade practices.

Federal courts have held that Rule 9(b) applies to claims for unfair or deceptive trade practices such as those plaintiff purports to assert here. *See e.g., Stires v. Carnival Corp.*, 243 F. Supp. 1313 (M.D. Fla. 2002) (holding Rule 9(b) applied to deceptive trade practices claim); *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821 (N.D. Tex. 2001) (same); *Witherspoon v. Philip Morris Inc.*, 964 F. Supp.

455 (D.D.C. 1997) (same). In cases where Rule 9(b) applies, plaintiffs are required to go beyond the requirements of notice pleading and "inject[] precision and some measure of substantiation into their allegations of fraud." *Toner v. Allstate Ins. Co.*, 821 F. Supp. 276, 284-85 (D. Del. 1993).

Specifically alleging the "time, the place, and the content" of the allegedly wrongful conduct is the "benchmark" of satisfying the particularity requirements of Rule 9(b). *See, Toner*, 821 F. Supp. at 284. Plaintiffs' complaint fails to meet even the most basic of Rule 9(b)'s requirements. The complaint contains no specific allegations of fact with regard to: 1) when the alleged deceptive trade practices occurred; 2) where the alleged deceptive trade practices are alleged to have occurred; 3) the identity of the unspecified Tan representatives referred to in the complaint; 4) who the unspecified Tan representatives are alleged to have spoken to; 5) what the unspecified Tan representatives are alleged to have said or done. Indeed even the vague allegations that plaintiffs do make are made "upon information and belief." (D.I. 9, ¶¶ 85, 86) These failures are fatal under Rule 9(b) and Count IV should therefore be dismissed. *See Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 285 (3d. Cir. 1992).

III.  Plaintiffs' Deceptive Trade Practices Claim Fails Under Applicable Law

Even if Count IV was alleged with sufficient particularity (it is not) and was not preempted (it is), it should still be dismissed for failing to state a claim under the law of either of the two potentially governing jurisdictions.

As discussed above, plaintiffs' make a host of vague and conclusory allegations concerning the alleged deceptive trade practices. But plaintiffs do not specify the unfair trade practices law they claim Tan violated. Nor do they make any allegations concerning where the alleged wrongful conduct occurred (or even what that conduct

might be beyond patent infringement). The only specific allegation concerning this claim is the allegation that the unfair trade practices caused RSI to lose the $23 million in profits it would have earned on the sale of vanities to Home Depot. (D.I. 9, ¶ 89) On the facts alleged in the Amended Complaint only two states that could have an interest in allegedly deceptive conduct concerning this transaction would be Texas (the state where Tan is based) or Georgia (the state where Home Depot is based). Plaintiffs' deceptive trade practices claim fails under the law of either state.

    A.    Competitors Lack Standing Under The Texas Unfair And Deceptive Trade Practices Act

Under Texas law only consumers (not competitors) have standing to assert a Deceptive Trade Practices Act claim. *See* Tex. Bus. & Com. Code §§ 17.41-17.63 (Vernon 2005). Here, the allegations of the amended complaint make clear that the transactions of which plaintiffs complain took place between Home Depot and Tan. (D.I. 9, ¶¶ 83-88) Plaintiffs were not a party to that transaction and did not seek to buy anything from Tan. To the contrary, RSI (like Tan) was seeking to sell product to Home Depot. (D.I. 9, ¶¶ 83-88) Such allegations establish that RSI is simply a competitor and not a "consumer" within the meaning to the Texas Deceptive Trade Practices Act. *See Carousel's Creamery, L.L.C. v. Marble Slab Creamery, Inc.*, 134 S.W. 3d 385, 399 (Tex. Ct. App. 2004); *DaimlerChrysler Corp. v. Inman*, 121 S.W.3d 862 (Tex. Ct. App. 2003); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. Ct. App. 1996). Because the Texas Act grants standing only to consumers plaintiffs' claim fails under Texas law.

    B.    Georgia Law Does Not Award Damages For Deceptive Trade Practices

Plaintiffs' unfair trade practices claim also fails under Georgia law. The relief plaintiffs seek for Count IV is monetary damages "exceeding $23 million." (D.I. 9,

¶ 89) Under Georgia law damages are not available for violation of the Deceptive Trade Practices Act. *See* Ga. Code Ann. § 10-1-373 (2006). The exclusive remedy available under the Georgia statute is injunctive relief. *See, Magliaro v. Lewis*, 417 S.E.2d 395 (Ga. Ct. App. 1992); *Lauria v. Ford Motor Co.*, 312 S.E.2d 190 (Ga. Ct. App. 1983). Because Count IV seeks a remedy that is not available under the Georgia Unfair Trade Practices Act, it fails under Georgia law.

## Conclusion

Counts III and IV of the Amended Complaint are nothing more than efforts to repackage patent infringement claims as state law tort claims. This effort must fail. Tan either infringed a valid patent or it did not. If it did, federal law gives plaintiffs a remedy. If Tan did not infringe, plaintiffs cannot avoid the deficiencies in their patent claims by disguising them under state law.

Moreover, even if Plaintiffs' were able to assert a state law claim for deceptive trade practices on these facts (which they are not) they have failed to do so here. Plaintiffs have neither stated their claim with the requisite particularity nor have they stated a claim that is recognized under the law of either of the states whose law could potentially govern. Accordingly, Counts III and IV of the Amended Complaint should be dismissed with prejudice.

                                    Respectfully submitted,

                                    */s/ Dawn M. Jones*

                                    David C. McBride (No. 408)
                                    John W. Shaw (No. 3362)
                                    Dawn M. Jones (No. 4270)
                                    Young Conaway Stargatt & Taylor, LLP
                                    The Brandywine Building
                                    1000 West Street, 17th Floor
                                    Wilmington, DE 19899-0391
                                    (302) 571-6600
                                    jshaw@ycst.com
                                    Attorneys for Defendant Tan U.S. Group, Inc.

OF COUNSEL:

Charles C. Kline
Jason N. Zakia
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
(305) 371-2700

Kevin X. McGann
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8312

Dated: March 27, 2006

## CERTIFICATE OF SERVICE

  I, Dawn M. Jones, Esquire, hereby certify that on March 27, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

    Frederick L. Cottrell, III, Esquire
    Alyssa M. Schwartz, Esquire
    Richards, Layton & Finger
    One Rodney Square
    Wilmington, DE  19801

  I further certify that on March 27, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

  **BY FEDERAL EXPRESS AND FACSIMILE TRANSMISSION:**

    T. Earl LeVere, Esquire
    Bricker & Eckler LLP
    100 South Third Street
    Columbus, OH  43215

    Jerry K. Mueller, Jr., Esquire
    Mueller & Smith, LPA
    7700 Rivers Edge Drive
    Columbus, OH  43235

      YOUNG CONAWAY STARGATT & TAYLOR, LLP

      /s/ Dawn M. Jones
      Dawn M. Jones (No. 4270)
      The Brandywine Building
      1000 West Street, 17th Floor
      Wilmington, Delaware  19801
      (302) 571-6600
      djones@ycst.com

      Attorneys for Tan U.S. Group, Inc.