IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RSI HOME PRODUCTS, INC.,<br>RSI HOME PRODUCTS MANAGEMENT, INC.,<br>and<br>RSI HOME PRODUCTS SALES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TAN U.S. GROUP, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 05-722-GMS<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RSI HOME PRODUCTS, INC., RSI HOME PRODUCTS MANAGEMENT, INC.,
AND RSI HOME PRODUCTS SALES, INC.'S
REPLY TO THE COUNTERCLAIMS OF TAN U.S. GROUP, INC.**

Plaintiffs RSI Home Products, Inc., RSI Home Products Management, Inc., and RSI Home Product Sales, Inc. (collectively, "RSI" and/or "Plaintiff"), by and through counsel, for their reply to the Counterclaims of Tan U.S. Group, Inc. ("Tan U.S." and/or "Defendant"), hereby admit, deny, and aver as follows:

**COUNTERCLAIMS**

90. Paragraph 90 of Defendant Tan U.S.'s Counterclaims set forth legal conclusions, which do not require a substantive response. To the extent, however, that Paragraph 90 of Defendant's Counterclaims set forth factual allegations, Plaintiff RSI denies same.[1]

91. Plaintiff RSI admits the allegations set forth in Paragraph 91 of Defendant's Counterclaims.

---

[1] Paragraphs 1 through 89 of Defendant's Answer, Affirmative Defenses, and Counterclaims are Defendant's responses and affirmative defenses to the facts alleged in Plaintiff's Amended Complaint and therefore do not merit addressing in this document.

92. Plaintiff RSI admits the allegations set forth in Paragraph 92 of Defendant's Counterclaims.

93. Plaintiff RSI admits the allegations set forth in Paragraph 93 of Defendant's Counterclaims.

94. Plaintiff RSI admits the allegations set forth in Paragraph 94 of Defendant's Counterclaims.

## COUNTERCLAIMS COUNT I
Declaratory Judgment – Noninfringement

95. For its response to Paragraph 95 of Defendant's Counterclaims, Plaintiff RSI reasserts Paragraphs 90-94 of this Reply as if fully set forth here.

96. Plaintiff RSI admits that it is the owner of U.S. Patent 5,855,503 ("the '503 Patent") and admits that it has charged Defendant Tan U.S. with infringement thereof. RSI admits that Defendant Tan U.S. has denied infringement and that Tan U.S. has denied that the '503 Patent is valid and enforceable. Plaintiff RSI denies, however, that an actual and justiciable controversy exists as to Defendant's infringement or as to the validity and/or enforceability of the '503 Patent, as all evidence on these issues weighs in favor of the Plaintiff.

97. Paragraph 97 of Defendant's Counterclaims sets forth legal conclusions to which no response is required. To the extent that Paragraph 97 sets forth factual allegations, Plaintiff RSI denies the allegations set forth in Paragraph 97 of Defendant's Counterclaims.

98. In response to Paragraph 98 of Defendant's Counterclaims, Plaintiff admits that it intends to protect and enforce its rights in the '503 Patent. Plaintiff RSI denies that it presently intends to assert any claims of patent infringement against those in privity with Defendant Tan U.S. Plaintiff denies all other allegations, if any, in Paragraph 98 of Defendant's Counterclaims.

## COUNTERCLAIMS COUNT II
Declaratory Judgment – Invalidity

99. For its response to Paragraph 99 of Defendant's Counterclaims, Plaintiff RSI reasserts Paragraphs 90-98 of this Reply as if fully set forth here.

100. Paragraph 100 of Defendant's Counterclaims sets forth legal conclusions to which no response is required. To the extent that Paragraph 100 sets forth factual allegations, Plaintiff RSI denies the allegations set forth in Paragraph 100 of Defendant's Counterclaims.

101. Paragraph 101 of Defendant's Counterclaims sets forth legal conclusions to which no response is required. To the extent that Paragraph 101 sets forth factual allegations, Plaintiff RSI denies the allegations set forth in Paragraph 101 of Defendant's Counterclaims.

102. In response to Paragraph 102 of Defendant's Counterclaims, Plaintiff admits that it intends to protect and enforce its rights in the '503 Patent. Plaintiff RSI denies that it presently intends to assert any claims of patent infringement against those in privity with Defendant Tan U.S. Plaintiff denies all other allegations, if any, in Paragraph 102 of Defendant's Counterclaims.

## COUNTERCLAIMS COUNT III
Patent Misuse

103. For its response to Paragraph 103 of Defendant's Counterclaims, Plaintiff RSI reasserts Paragraphs 90-102 of this Reply as if fully set forth here.

104. For its response to Paragraph 104 of Defendant Tan U.S.'s Counterclaims, Plaintiff RSI denies that it knows, believes, or has reason to believe that Defendant's products do not infringe the '503 Patent and further denies that it knows, believes, or has reason to believe that any of the claims of the '503 Patent are invalid. Plaintiff RSI admits that it instituted this

action but denies that it did so in bad faith. Plaintiff RSI denies all other allegations in Paragraph 104 of Defendant's Counterclaims.

105. Plaintiff RSI denies the allegations set forth in Paragraph 105 of Defendant's Counterclaims.

106. Plaintiff RSI denies the allegations set forth in Paragraph 106 of Defendant's Counterclaims.

## COUNTERCLAIMS COUNT IV
Tortious Interference With Business Relations

107. For its response to Paragraph 107 of Defendant's Counterclaims, Plaintiff RSI reasserts Paragraphs 90-106 of this Reply as if fully set forth here.

108. Plaintiff RSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of Defendant's Counterclaims.

109. Plaintiff RSI denies the allegations set forth in Paragraph 109 of Defendant's Counterclaims and specifically denies that statements accusing Defendant's products of infringing the '503 Patent were, are, or would be false.

110. For its response to Paragraph 110 of Defendant's Counterclaims, Plaintiff RSI denies that it acted intentionally or maliciously at any time with respect to Defendant Tan U.S. and further denies that any action by Plaintiff RSI negatively affected Tan U.S. in any way. Plaintiff RSI lacks knowledge or information sufficient to form a belief as to the truth of Defendant's allegation that it changed formulations at any time or that Defendant's new formulation was any less profitable than any of Defendant's prior formulations. Plaintiff denies that it "was aware of the prospective and advantageous commercial relationship between Tan U.S. and its customer" and further denies that it interfered, intentionally or otherwise, with the

relationship or with Defendant Tan U.S.'s rights in any way or through any act, omission, or statement.

111. For its response to Paragraph 111 of Defendant's Counterclaims, Plaintiff RSI specifically denies that it engaged in the conduct alleged by Defendant Tan U.S. and denies all other allegations in Paragraph 111 of Defendant's Counterclaims.

112. Paragraph 112 of Defendant's Counterclaims sets forth legal conclusions to which no response is required. To the extent that Paragraph 112 sets forth factual allegations, Plaintiff RSI denies the allegations set forth in Paragraph 112 of Defendant's Counterclaims.

113. Paragraph 113 of Defendant's Counterclaims sets forth legal conclusions to which no response is required. To the extent that Paragraph 113 sets forth factual allegations, Plaintiff RSI denies the allegations set forth in Paragraph 113 of Defendant's Counterclaims.

## DEMAND FOR JURY TRIAL

114. Paragraph 114 of Defendant's Counterclaims does not contain factual allegations and, as such, does not require a substantive response.

Plaintiff RSI objects to and denies that Defendant is entitled to any of the relief set forth in the "WHEREFORE" clause of Counterclaims.[2]

Plaintiff RSI denies any and all allegations not specifically admitted elsewhere herein.

## FIRST AFFIRMATIVE DEFENSE

115. Defendant's Counterclaims fails to state a claim for which relief can be granted.

---

[2] Paragraph 114(e) of Defendant's Counterclaims references U.S. Patent No. 5,370,706, which is a patent for a modular hip prosthesis. Plaintiffs assume that this reference is in error and assumes that Defendant intended to reference the patent-in-suit. Plaintiffs respond to this allegation based upon these assumptions only.

## SECOND AFFIRMATIVE DEFENSE

116. Defendant's Counterclaims are barred in whole or in part by Defendant's own wrongful actions or omissions.

## THIRD AFFIRMATIVE DEFENSE

117. The damages sustained by Defendant, if any, are the direct and proximate result of conduct by individuals who were not under the direction or control of Plaintiff RSI.

## FOURTH AFFIRMATIVE DEFENSE

118. Defendant's Counterclaims are barred in whole or in part by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

119. Defendant's Counterclaims are barred in whole or in part because Defendant has not shown an actual case or controversy regarding the validity or enforceability of the '503 Patent other than its unsupported and conclusory allegations.

## SIXTH AFFIRMATIVE DEFENSE

120. Defendant's Counterclaims are barred in whole or in part by the fact that Plaintiff made any and all statements regarding Defendant's infringement of the '503 Patent in good faith.

## SEVENTH AFFIRMATIVE DEFENSE

121. Defendant's Counterclaims are barred in whole or in part because Defendant has not suffered any damages as a result of any action or conduct by Plaintiff RSI.

## EIGHTH AFFIRMATIVE DEFENSE

122. Defendant's Counterclaims are barred in whole or in part by Defendant's failure to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

123. Defendant's claim for injunctive relief is barred in whole or in part because Defendant has failed to allege any irreparable harm.

## TENTH AFFIRMATIVE DEFENSE

124. Defendant fails to allege facts sufficient to allow a recovery of its attorneys' fees and costs incurred in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

125. Defendant fails to allege facts or legal claims sufficient to allow a recovery for punitive damages.

WHEREFORE, Plaintiffs RSI Home Products, Inc., RSI Home Products Management, Inc., and RSI Home Product Sales, Inc. respectfully request that this Court dismiss Defendant's Counterclaims in their entirety with prejudice and award Plaintiff RSI all costs and fees incurred in responding to Defendant's Counterclaims along with any and all other relief that this Court deems appropriate.

Of Counsel:

T. Earl LeVere
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
(614) 227-2328

Jerry K. Mueller, Jr.
Mueller & Smith, LPA
7700 Rivers Edge Drive
Columbus, Ohio 43235
(614) 436-0600

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Plaintiffs RSI Home Products, Inc., RSI Home Products Management, Inc., and RSI Home Products Sales, Inc.*

Dated: April 10, 2006

RLF1-3001457-1

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

**BY HAND DELIVERY**

David C. McBride
John W. Shaw
Dawn M. Jones
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on April 10, 2006, I have caused the foregoing to be sent by Federal Express and Electronic Mail to the following non-registered participants:

Charles C. Kline
Jason N. Zakia
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, FL 33131-2352

Kevin X. McGann
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

/s/ Alyssa M. Schwartz
Alyssa M. Schwartz (#4351)
schwartz@rlf.com

RLF1-2964265-1