## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RSI HOME PRODUCTS, INC.,                      )
RSI HOME PRODUCTS MANAGEMENT, INC.,           )
    and                                       )
RSI HOME PRODUCTS SALES, INC.,                )
                                              )    C.A. No. 05-722-GMS
    Plaintiffs,                               )
                                              )
    v.                                        )    **JURY TRIAL DEMANDED**
                                              )
TAN U.S. GROUP, INC.,                         )
                                              )
    Defendant.                                )

### PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS
### COUNTS III & IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Plaintiffs RSI Home Products, Inc.,
RSI Home Products Management, Inc., and RSI
Home Products Sales, Inc.*

Of Counsel:

T. Earl LeVere
Bricker & Eckler LLP
100 South Third Street
Columbus, OH 43215
(614) 227-2328

Jerry K. Mueller, Jr.
Mueller & Smith, LPA
7700 Rivers Edge Drive
Columbus, OH 43235
(614) 436-0600

Date: April 10, 2006

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ...........................1

SUMMARY OF ARGUMENT ................................................................................................2

STATEMENT OF FACTS.........................................................................................................3

ARGUMENT ............................................................................................................................5

    I.     Federal Patent Law Does Not Preempt Counts III and IV of Plaintiffs' First
          Amended Complaint. ....................................................................................................5

    II.    Federal Civil Rule 9(b) does not compel a dismissal of Count IV of Plaintiffs'
          Amended Complaint. ...................................................................................................10

    III.   Delaware Or California Law Governs Count IV of Plaintiffs' First Amended
          Complaint, Not Georgia Or Texas Law. ....................................................................14

          A.     Delaware Follows the Restatement's Conflict of Laws Analysis. ......................14

          B.     Delaware or California Law Controls This Case. ................................................16

CONCLUSION ......................................................................................................................19

# TABLE OF AUTHORITIES

Page

## CASES

*Alton v. Parker*, 363 F.3d 229 (3d Cir. 2004) .................................................................5

*American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*, 640 F. Supp. 1411 (E.D.N.C. 1986)...15, 16

*Astro Music, Inc. v. Eastham*, 564 F.2d 1236 (9th Cir. 1977)...................................................7

*Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 893 (Tex. Dist 2000)................................................16

*CBP Res., Inc. v. SGS Control Servs.*, 394 F. Supp. 2d 733 (M.D. N.C. 2005).............................11

*Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d. 96 (3d Cir. 1983) ......................11, 12

*CLI Corp. v. Ludowici USA*, 61 U.S.P.Q.2d 1288 (W.D. Pa. 2001) .......................................9, 10

*Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005)..................................................................6

*Floorcoverings Intern., Ltd. v. Swan*, 2000 U.S. Dist. LEXIS 5855 (N.D. Ill. Apr. 25, 2000)..................11

*FTC v. Security Rare Coin & Bullion Corp.*, 931 F.2d 1312 (8th Cir. 1991) .......................10, 11

*Grand Ventures v. Whaley*, 632 A.2d 63 (Del. 1993) ......................................................17, 18

*Hollymatic, Corp. v. Holly, Inc.*, 620 F. Supp 1366 (N.D. Ill. 1985) .........................................16

*Hunter Douglas, Inc. v. Harmonic Design*, 153 F.3d 1318 (Fed. Cir. 1998) .................................9

*John P. Villano Inc. v. CBS Inc.*, 176 F.R.D. 130 (S.D.N.Y. 1997) .........................................10

*Kaz Mfg. Co. v. Chesebrough-Pond's, Inc.*, 211 F. Supp 815 (S.D.N.Y. 1962) aff'd 317 F.2d 679
(2d Cir. 1963).........................................................................................................7

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (Cal. 2003) .............................18

*Leon Finker, Inc. v. Schlussel*, 469 F. Supp. 674, (S.D.N.Y), aff'd without op 614 F.2d 1288 (2d
Cir. 1979) ..............................................................................................................7

*Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368 (Fed. Cir. 1994)............................7

*Mitsubishi Elec. Corp. v. IMS Tech.*, 44 U.S.P.Q.2D 1904 (N.D. Ill. 1997)................................11

*Myers v. Med. Ctr. of Del., Inc.*, 105 Fed. Appx. 403 (3rd Cir. 2004) .........................................17

*Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821 (N.D. Tex. 2001).............................12

*Publications Int'l, Ltd. v. Leapfrog Enters. Inc.* 2002 U.S. Dist. LEXIS 20738, 2002 WL
31426651 (N.D. Ill. Oct. 29, 2002) .........................................................................10

RLF1-3001630-1

*Rodime PLC v. Seagate Technology, Inc.*, 174 F.3d 1294 (Fed. Cir. 1999) .............................................7, 8

*Rubin v Green*, 4 Cal. 4th 1187 (1993) ...........................................................................................18

*Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*, 204 F.3d 1368 (Fed. Cir. 1998) .........................9

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786 (3d Cir. 1984) ................................13

*Shapiro v. UJB Financial Corp.*, 964 F.2d 272 (3d Cir. 1992)..................................................................11,

*Stires v. Carnival Corp.* 243 F. Supp. 2d 1313 (M.D. Fla. 2002) ............................................................12

*System Operations, Inc. v. Scientific Games Dev. Corp*, 555 F.2d 1131 (3d Cir. 1997).....................14, 15

*Toner v. Allstate Ins. Co.*, 821 F. Supp. 276 (D. Del. 1993) ...................................................................11, 12

*Witherspoon v. Philip Morris, Inc.*, 964 F. Supp. 455 (D.D.C. 1997) .......................................................12

## STATUTES

28 U.S.C. § 1338(b) ..........................................................................................................................6, 7

Delaware's Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531–2536 (2005), ...................15, 16, 17

Ga. Code Ann. §10-1-373 (2006)............................................................................................................12

## RULES

Fed. R. Civ. P. 9(b) ...............................................................................................................*passim*

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiffs RSI Home Products, Inc., RSI Home Products Management, Inc., and RSI Home Products Sales, Inc. (collectively, "Plaintiffs") concur with Defendant Tan U.S. Group, Inc.'s ("Defendant") Statement of the Nature and Stage of the Proceeding and add only that since the filing of Defendant's Motion, the Court has held its initial status conference with the parties and has entered a scheduling order for the above-captioned action.

## SUMMARY OF ARGUMENT

Defendant's motion to dismiss Plaintiffs' Counts III and IV lacks merit for at least three reasons.

1.      The Federal Circuit has held that federal patent law does not preempt tortious interference or deceptive trade practice claims. As the Court is aware, such claims appear with some frequency in patent infringement cases here.

2.      Federal Civil Rule 9(b) does not justify a dismissal of Count IV of Plaintiffs' First Amended Complaint because Rule 9(b)'s heightened pleading requirements do not apply to claims of the type asserted in Count IV. Additionally, assuming *arguendo* Rule 9(b) does apply, Plaintiffs' allegations satisfy the Third Circuit's Rule 9(b) standards.

3.      Plaintiffs' Amended Complaint sets forth claims of deceptive trade practices under at least California, Delaware, and Georgia law. The fact that Plaintiffs have requested damages for Defendant's deceptive trade practices does not justify dismissing Count IV at this stage in the proceedings. The Court should reserve a choice of law ruling on Count IV until discovery has progressed.

2

## STATEMENT OF FACTS

Plaintiffs and Defendant are competitors. Defendant makes, sells, and offers for sale numerous vanity top products that Plaintiffs believe infringe U.S. Patent 5,885,503 (the "patent-in-suit"). Defendant's alleged patent infringement is the subject of Counts I and II of Plaintiffs' First Amended Complaint. In addition to infringing the Plaintiffs' patent, Count III of Plaintiffs' First Amended Complaint alleges that, in or around the fall of 2004, Defendant tortiously interfered with Plaintiffs' more than ten-year business relationship with The Home Depot, Inc.

Specifically, Count III alleges that Defendant offered The Home Depot, Inc. a "complete line" of vanity top products, which included both infringing and non-infringing vanity tops. *First Amended Complaint* (D.I. 9) at ¶ 66. Defendant also offered to sell the "complete line" of vanity tops exclusively to The Home Depot, Inc. so long as The Home Depot, Inc. agreed to stop buying such products from the Plaintiffs and, instead, promised to buy such patented and non-patented products exclusively from Defendants. *Id.* at ¶¶ 67-68, 70. Defendant was aware of Plaintiffs' relationship with The Home Depot, Inc. *Id.* at ¶ 75. Plaintiffs had been selling vanity tops to The Home Depot, Inc. for more than ten years prior to Defendant's offer of its "complete line" of infringing and non-infringing vanity tops. *Id.* at ¶¶ 73-74. Shortly thereafter, on or about November 15, 2005, The Home Depot, Inc. notified Plaintiffs that it would be awarding all of its vanity top business to Defendant and, after a short transition period, would stop purchasing vanity top products from Plaintiffs. *Id.* at ¶ 71. Plaintiffs' vanity top sales to The Home Depot, Inc. were $45-$50 million annually. *Id.* at ¶ 72.

Defendant's offer of its "complete line" of vanity tops to The Home Depot, Inc., which includes infringing vanity tops, directly, proximately, and intentionally induced and caused The Home Depot, Inc. to stop purchasing Plaintiffs' vanity tops. Defendant's offer to sell vanity tops that infringe Plaintiffs' patent was wrongful and, as a result, Defendant's offer of a "complete line" was wrongful as well. Defendant's representation that it could legally manufacture and sell the "complete line" was untrue. But for Defendant's offer of infringing vanity tops along with

3

non-infringing vanity tops, Defendant could not have offered The Home Depot, Inc. a "complete" product line and could not have offered products that would substitute for the patented products previously sold by Plaintiffs to The Home Depot, Inc. Defendant has moved to dismiss this claim arguing that it is entirely preempted by federal patent law. *Defendant's Opening Brief In Support of Motion To Dismiss Counts III & IV Of Plaintiffs' First Amended Complaint* ("Defendant's Motion (D.I. 18)"), at pp. 4-5.

Defendant also seeks to dismiss Count IV of Plaintiff's First Amended Complaint. Incorporating all other allegations in the First Amended Complaint, Count IV alleges that Defendant engaged in unfair and deceptive trade practices while competing with Plaintiffs for the business of The Home Depot, Inc., Lowe's Home Improvement, and others. This unfair competition and unfair and deceptive trade practices included (1) making false representations of fact that disparaged the goods, services, and business of Plaintiffs (*First Amended Complaint* (D.I. 9) at ¶ 85); (2) making false or misleading statements of fact concerning the reasons for Defendant's actual and proposed price reductions (*Id.* at ¶ 86); (3) offering for sale and selling products which Defendants lack the legal right to manufacture or offer for sale, including products that infringe Plaintiffs' patent (*Id.* at ¶ 87); and (4) creating a likelihood of confusion as to Defendant's rightful and legal ability to offer and sell such products (*Id.* at ¶ 88). Each of these activities damaged Plaintiffs. *Id.* at 89. Defendant seeks to dismiss Count IV as preempted by federal law, and pursuant to Rule 9(b) of the Federal Rules of Civil Procedure and for failure to state a claim under the state law that Defendant seeks to apply.[1]

---

[1] Interestingly, Defendant never suggests that the particular activities alleged are not unfair or deceptive. Rather, Defendant challenges the claims only based upon the specificity with which the activities are pled, the competitive status of the parties, and the monetary relief demanded.

4

## ARGUMENT

### I.   Federal Patent Law Does Not Preempt Counts III and IV of Plaintiffs' First Amended Complaint.

Defendant argues that federal patent law preempts Plaintiffs' state law claims for tortious interference with business relations and for unfair and deceptive trade practices:. "Both of Plaintiffs' state law tort claims are based entirely on the allegation that defendant sold, or offered for sale, products that infringe the '503 patent." *See Defendant's Motion* (D.I. 18) at p. 4. Defendant claims that Plaintiffs' State Law Claims "hinge on a single question: did defendant infringe on the '503 patent?" *See Defendant's Motion* (D.I. 18) at p. 5.

Defendant's argument, however, ignores material allegations in Plaintiffs' Amended Complaint, which, for purposes of Defendant's motion to dismiss, must be taken as true. *Alton v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). As the Court is well-aware, dismissal for failure to state a claim is proper "only if it appears that [Plaintiffs] could prove *no set of facts* that would entitle [them] to relief." *Id.* (emphasis added). In addition to the allegations of patent infringement (which Defendant does not seek to dismiss), Count III of Plaintiffs' First Amended Complaint alleges that Defendant offered The Home Depot, Inc., a known customer of Plaintiffs, a "complete line" of vanity tops, including vanity tops covered by the patent-in-suit, along with sales exclusivity, and thereby convinced The Home Depot, Inc. to stop purchasing both patented and non-patented vanity tops from Plaintiffs. *Plaintiffs' First Amended Complaint* (D.I. 9) at ¶¶ 66-68, 71, 75.

The salient factual allegations of this claim are:  (1) Defendant's offer of infringing products to The Home Depot, Inc. as part of a "complete line" of vanity top products; (2) Defendant's offer to sell its vanity top products exclusively to The Home Depot, Inc.; (3) Defendant's request that The Home Depot, Inc. stop buying vanity tops from the Plaintiffs despite The Home Depot, Inc.'s more than ten-year history of buying these products from the Plaintiffs; and (4) The Home Depot, Inc.'s agreement to stop buying vanity tops from the Plaintiffs. *Id.* For

5

purposes of the instant Motion, the Court should take each of these allegations as true along with any and all reasonable inferences related to those allegations.[2]

Similarly, in Count IV, which incorporates all of the prior allegations in the First Amended Complaint (*First Amended Complaint* (D.I. 9) at ¶ 81), Plaintiffs allege, *inter alia*, that Defendant engaged in a multi-state campaign to disparage Plaintiffs' goods and services. *See e.g., Plaintiffs' First Amended Complaint* (D.I. 9), at ¶ 85 (stating "[i]n the course of [Defendant's] sale of products to Lowe's Home Improvement, The Home Depot, Inc., and others, . . . Defendant . . . has made false representation of fact that disparaged the goods, services, and business of Plaintiff."); *Id.* at ¶ 86 (stating "[i]n the course of [Defendant's] sale of products to Lowe's Home Improvement, The Home Depot, Inc. and others . . . Defendant Tan U.S. has made false or misleading statements of fact concerning the reasons for its actual and proposed price reductions.").

Read in their entirety, the patent law does not preempt Counts III and IV of Plaintiffs' First Amended Complaint. First and foremost, 28 U.S.C. § 1338(b) specifically provides for the simultaneous maintenance of patent infringement and state law unfair competition claims and expressly vests the federal district courts with subject-matter jurisdiction over such state law claims:

> (b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

28 U.S.C. § 1338(b). Congress would not have expressly created such authority if it intended for the patent laws to preempt state law claims for unfair competition. Additionally, the Federal Circuit has construed the term "unfair competition" broadly noting:

> In determining the breadth of the term "unfair competition" as it is used in section 1338(b), we bear in mind that when Congress borrows a common law

---

[2] A Rule 12(b)(6) motion should be granted only if no relief could be granted under any set of facts presented in the complaint. *See Evancho v. Fisher*, 423 F.3d 347, 351 n.5 (3d Cir. 2005). Dismissal of a complaint without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. *Id.* at 235-36.

term in a statute, absent a contrary instruction, it is presumed to adopt the term's widely accepted common law meaning. *See Morissette v. United States*, 342 U.S. 246, 263, 96 L. Ed. 288, 72 S. Ct. 240 (1952); *see also Perrin v. United States*, 444 U.S. 37, 42, 62 L. Ed. 2d 199, 100 S. Ct. 311 (1979) ("Unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.").

The common law concept of "unfair competition" has not been confined to any rigid definition and encompasses a variety of types of commercial or business conduct considered "contrary to good conscience," *International News Serv. v. The Associated Press*, 248 U.S. 215, 240, 63 L. Ed. 211, 39 S. Ct. 68 (1918) . . . .

*Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1372-73 (Fed. Cir. 1994). *See also*

*Leon Finker, Inc. v. Schlussel*, 469 F. Supp. 674, (S.D.N.Y), *aff'd without op* 614 F.2d 1288 (2d

Cir. 1979) (stating that unfair competition, for purposes of 28 U.S.C. § 1338(b), encompasses a

broad range of conduct and may consist of selling goods by means that shock judicial senses).

Likewise, trade libel, as discussed below, is "unfair competition" for purposes of 28 U.S.C. §

1338(b). *Astro Music, Inc. v. Eastham*, 564 F2d 1236 (9th Cir. 1977); *Kaz Mfg. Co. v. Chesebrough-Pond's, Inc.*, 211 F. Supp. 815 (S.D.N.Y. 1962) *aff'd* 317 F.2d 679 (2d Cir. 1963).

Weighing against a finding of preemption, the Federal Circuit instructed:

Unfair competition law and patent law have long existed as distinct and independent bodies of law, each with different origins and each protecting different rights. . . . The law of unfair competition generally protects consumers and competitors from deceptive or unethical conduct in commerce. . . . Patent law, on the other hand, protects a patent owner from the unauthorized use by others of the patented invention, irrespective of whether deception or unfairness exists.

*Mars Inc.*, 24 F.3d at 1373 (citations omitted) (providing further, "Whereas patent law is

completely preempted by federal law, . . . the law of unfair competition, despite some federal

encroachment, . . . remains largely free from federal exclusivity.").

Federal Circuit cases consistently follow this reasoning. For example, in *Rodime PLC v.

Seagate Technology, Inc.*, the Federal Circuit specifically concluded that the patent laws do not

preempt state law claims for tortious interference or unfair and deceptive trade practices.

Considering a case involving a patent infringement claim as well as state law claims for tortious

interference with prospective business advantage and unfair competition, the Federal Circuit held

that "[t]he patent laws will not preempt such [state law] claims if they include additional elements

not found in the federal patent law cause of action and if they are not an impermissible attempt to

offer patent-like protection to subject matter addressed by federal patent law." *Rodime PLC v.*

*Seagate Technology, Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) (citations omitted). In *Rodime*,

the plaintiff patentee accused the defendant of infringing plaintiff's patent (*Id.* at 1297) and

further alleged that defendant tortiously and unfairly dissuaded potential customers from

obtaining licenses from the plaintiff (*Id.* at 1299). The Central District of California held that the

patent law preempted plaintiff's state law claims and entered summary judgment in defendant's

favor. *Id.* at 1301.

> The Federal Circuit reversed the lower court's decision on preemption holding:

> [T]he elements of proof for inducement [of infringement] are markedly different
> from those for tortious interference and unfair competition. Inducement requires
> proof that the accused infringer knowingly aided and abetted another's direct
> infringement of the patent. . . . Tortious interference, in contrast, requires proof
> that the defendant intentionally engaged in acts wrongful by some measure other
> than the fact of the interference itself which are designed to disrupt an economic
> relationship between the plaintiff and another.

*Id.* at 1306. Using the same analysis, the Federal Circuit found that the patent laws did not

preempt plaintiff's California unfair and deceptive business practices claim.[3]  *Id.* (stating,

"Rodime must prove that Seagate engaged in an unfair business practice, that is, a business

practice that is immoral, unethical, oppressive, unscrupulous, or substantially injurious.").

Considering the elements of the tortious interference and unfair business practices claims, and

comparing them to the federal patent laws, the Federal Circuit rejected defendant's preemption

argument:

> Thus, these state law causes of action require proof of additional
> elements not found in the patent law cause of action. Moreover, this court finds
> that these state law causes of action do not constitute an impermissible attempt to
> offer patent-like protection to subject matter addressed by federal law. Tortious
> interference protects business relationships.    Unfair competition prevents

---

[3] As discussed below, California's unfair business practices statute may apply in this case.

> unethical and oppressive business practices. Neither of these regimes purport to
> extend protection to the classes of invention protected by Title 35. *See* 35 U.S.C.
> § 101 (1994). Because these state law causes of action protect interests different
> from federal patent law, federal law does not preempt Rodime's state law claims.

*Id.* Similarly here, because Defendant's tortious interference and unfair and deceptive trade practices involve wrongful acts independent of Defendant's patent infringement activities, Defendant's preemption argument must fail.

Defendant's preemption argument also contains at least two additional legal flaws. First, the three cases Defendant cites to support its preemption argument actually prove that Plaintiffs' State Law Claims are not preempted. Defendant cites *Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.,* 204 F.3d 1368 (Fed. Cir. 1998) (*Defendant's Motion* (D.I. 18) at p. 4) where the court specifically stated, "[W]e [have] held that the state law claim of intentional interference with actual and prospective contractual relationships was not preempted by patent law, even though the claim was based partly on acts of alleged inequitable conduct before the PTO." *Semiconductor Energy Lab. Co.,* 204 F.3d at 1382(referencing *Dow Chem. Co. v. Exxon Corp.* 139 F.3d 1470 (Fed. Cir. 1998)).

Similarly, Defendant relies on *Hunter Douglas, Inc. v. Harmonic Design* (*Defendant's Motion* (D.I. 18) at p. 4) even though the *Hunter* court stated, "there is no . . . pre-emption of state unfair competition claims that rely on a substantial question of federal patent law." *Hunter Douglas, Inc. v. Harmonic Design,* 153 F.3d 1318, 1333 (Fed. Cir. 1998). Finally, Defendant's reliance on *CLI Corp. v. Ludowici USA* (*Defendant's Motion* (D.I. 18) at p. 5) also disproves its preemption argument because *CLI Corp.* addressed a tortious interference claim that was based *solely* on conduct that constituted patent infringement. *CLI Corp. v. Ludowici USA,* 61 U.S.P.Q.2d 1288 (W.D. Pa. 2001). Here, however, as in *Rodime PLC,* Plaintiffs' State Law Claims include *inter alia* non-patent issues stemming from Defendant's multi-state disparagement of Plaintiff and misrepresentations to Plaintiffs' customers. *Compare, Plaintiffs' First Amended*

*Complaint* (D.I. 9), at ¶¶ 85- 86, with ¶¶ 42-54. Consequently, *CLI Corp.* does not justify a finding that Counts III and IV are preempted.

Simply put, Defendant's preemption argument is unsupported by law and contradicts Federal Circuit precedent that federal patent law does not preempt common-law unfair competition and tortious interference claims. Because Defendant's misrepresentations and multi-state disparagement of Plaintiffs, and their products, involves wrongful acts and elements of proof unrelated to the patent-in-suit, this Court should reject Defendant's preemption argument.

## II. Federal Civil Rule 9(b) does not compel a dismissal of Count IV of Plaintiffs' Amended Complaint.

Defendant's argue that this Court should dismiss Count IV of Plaintiffs' First Amended Complaint because Plaintiffs' have allegedly failed to satisfy Rule 9(b). Defendant's argument fails for at least three reasons. First, federal courts generally do not apply Rule 9(b)'s heightened pleading requirements to deceptive trade practice type claims. *See e.g., FTC v. Security Rare Coin & Bullion Corp.,* 931 F.2d 1312, 1316 (8th Cir. 1991) (rejecting the application of Rule 9(b) to unfair and deceptive trade practice claim filed under the Federal Trade Commission Act); *Publications Int'l, Ltd. v. Leapfrog Enters. Inc.* 2002 U.S. Dist. LEXIS 20738, 2002 WL 31426651 (N.D. Ill. Oct. 29, 2002) (rejecting the application of Rule. 9(b) to a state law deceptive trade practice claim)[4]; *John P. Villano Inc. v. CBS Inc.,* 176 F.R.D. 130, 131 (S.D.N.Y. 1997) (finding federal false advertising claims and parallel provisions of state law are not controlled by Rule 9(b) in part because "[n]othing in the language or history of Rule 9(b) suggests that it is intended to apply, willy-nilly, to every statutory tort that includes an element of false statement."). In fact, at least one district court recently explained that the heightened pleading requirements of Rule 9(b) do not apply in deceptive trade practice cases because "deceptive trade practices [complaints] . . . do[] not require the same essential elements of intent, reliance, and subjectiveness [as fraud]; thus, the historical rationales for requiring particularity for claims of

---

[4] All unreported cases are attached alphabetically at Exhibit A hereto.

10

fraud do not apply. . . ." *CBP Res., Inc. v. SGS Control Servs.,* 394 F. Supp. 2d 733, 739 (M.D.N.C. 2005).

While Defendant is correct that some courts have applied Rule 9(b) to deceptive trade practice claims, courts generally do not apply Rule 9(b) when the case makes allegations beyond mere fraud, as is the case here. *See e.g., Floorcoverings Intern., Ltd. v. Swan,* 2000 U.S. Dist. LEXIS 5855 (N.D. Ill. Apr. 25, 2000) (finding Rule 9(b) did not apply to state deceptive trade practice claims where allegations are not based solely on fraud); *Mitsubishi Elec. Corp. v. IMS Tech.,* 44 U.S.P.Q.2D 1904 (N.D. Ill. 1997) (finding Rule 9(b) did not apply to state deceptive trade practice claims where allegations involved disparagement claims). As Count IV is based in part on disparagement independent of fraud, Defendant's Rule 9(b) argument fails.

The second reason Defendant's Rule 9(b) argument fails is because it inappropriately turns Rule 9(b) into a sword instead of a shield by arguing that Plaintiffs' "information and belief" allegations trigger a Rule 9(b) dismissal. *Defendant's Motion* (D.I. 18) at 6. Defendant bases its argument entirely on the *Shapiro* decision, however, which involved a securities fraud class action suit. *Shapiro v. UJB Financial Corp.,* 964 F.2d 272 (3d Cir. 1992). The claims at issue in *Shapiro* bear little resemblance to the State Law Claims that Plaintiffs assert here.

Additionally, Defendant cites the *Toner* decision that defeats Defendant's "information and belief" argument. *Defendant's Motion,* at p. 6 (citing *Toner v. Allstate Ins. Co.,* 821 F. Supp. 276 (D. Del. 1993). The *Toner* court specifically stated, "[t]here is an exception to the prohibition against 'information and belief' pleading for situations in which the factual information is peculiarly within the knowledge or control of the defendant." *Toner v. Allstate Ins. Co.,* 821 F. Supp. 276, 285 (D. Del. 1993) (citing *Craftmatic Sec. Litig. v. Kraftsow,* 821 F. Supp. 276 (D. Del. 1993)). At this stage in the proceedings, only Defendant possesses the specific and particular details of its multi-state disparagement campaign against Plaintiffs. This Court must prohibit Defendant from using Rule 9(b) to conceal details of its wrongful acts. *See, e.g., Christidis v. First Pennsylvania Mortgage Trust,* 717 F.2d 96, 99-100 (3d Cir. 1983)).

11

Finally, Defendant cited four cases that reject its claim that Count IV must be dismissed with prejudice pursuant to Rule 9(b). *Defendant's Motion* (D.I. 18) at pp. 5-6, 8. Specifically, none of the four cases Defendant cites dismissed a complaint with prejudice. Rather, each court allowed the claimants to amend their complaints to cure any Rule 9(b) deficiencies. *See, Patel v. Holiday Hospitality Franchising, Inc.,* 172 F. Supp. 2d 821, 824 (N.D. Tex. 2001) (stating courts should not dismiss claims under Rule (9)(b) "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so"); *Witherspoon v. Philip Morris, Inc.,* 964 F. Supp. 455, 464 (D.D.C. 1997) (granting plaintiff leave to amend and correct Rule 9(b) deficiencies); *Stires v. Carnival Corp.* 243 F. Supp. 2d 1313, 1324 (M.D. Fla. 2002) (same); *Toner v. Allstate Ins. Co.,* 821 F. Supp. 276 (D. Del. 1993) (same).[5]

Moreover, the *Toner* decision relied on by Defendant addressed fraudulent inducement issues relating to a party's breach of an implied covenant in an employment contract which are factual issues completely dissimilar to Count IV. *Defendant's Motion* (D.I. 18), at p. 5 (citing *Toner v. Allstate Ins. Co.,* 821 F. Supp. 276 (D. Del. 1993)). Making matters worse for Defendant, the *Toner* court explicitly contradicts Defendant's claim that Rule 9(b) requires Plaintiff to allege the "time, the place, and the content" of Defendant's wrongful conduct. *Defendant's Motion* (D.I. 18), at p. 6. Rather, the *Toner* court stated, "plaintiffs need not plead specifics as to date, time and place of the alleged fraud so long as plaintiffs use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Toner v. Allstate Ins. Co.,* 821 F. Supp. 276, 284-85 (D. Del. 1993) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984) (internal quotations omitted).

---

[5] Accordingly, while Plaintiffs strongly believe that they have satisfied their pleading burdens, if this Court determines that Rule 9(b) justifies a dismissal of Count IV of Plaintiffs' Amended Complaint, Plaintiffs request leave to amended Count IV to comply with any Rule 9(b) deficiencies that this Court finds with regard to Count IV of Plaintiffs' Amended Complaint.

In addition, if this Court finds Georgia's Deceptive Trade Practices laws apply to this case, Plaintiffs request leave to amend their complaint to request injunctive relief authorized under Ga. Code Ann. §10-1-373 (2006).

The *Toner* decision illuminates the final reason this Court should reject Defendant's Rule 9(b) argument. Even if Rule 9(b) applied to Plaintiffs' Amended Complaint – which it does not – Plaintiffs satisfied its requirements. For example, Plaintiffs allege that "in or around fall of 2004" Defendant approached The Home Depot, Inc. about purchasing certain products exclusively from Defendant. *See, Amended Complaint* (D.I. 9) at ¶¶ 66-67. Defendant did so even though it knew The Home Depot, Inc. was purchasing some of these products from Plaintiffs. *Id.* ¶ 75. Count IV incorporates these allegations. *Id.* at ¶ 81.

While marketing these products to The Home Depot, Inc., Plaintiffs allege that Defendant engaged in a multi-state campaign to disparage Plaintiffs and their products by issuing misleading information to Plaintiffs' existing clients and others. *Id.* at ¶¶ 86-87. As a result, for example, Plaintiff's First Amended Complaint alleges that sometime shortly prior to November 15, 2005, Defendant persuaded The Home Depot, Inc. to purchase products from Defendant instead of Plaintiffs. *Id.* at ¶ 71. Consequently, Plaintiffs pray for a judgment against Defendant for money damages, attorney fees, "as well as any other relief that this Court finds appropriate." *Id.* at pp. 11-12.

At a minimum, these allegations state a claim upon which relief could be granted. The allegations from Plaintiffs' First Amended Complaint clearly comply with the Rule 9(b) guidelines applied in *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d. Cir. 1984). In *Seville*, the Third Circuit stated:

> Rule 9(b) requires plaintiffs to plead with particularity the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. It is certainly true that allegations of "date, place or time" fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud.

*Id.* Consequently, even if Rule 9(b) applies to Count IV, Count IV of Plaintiffs' First Amended Complaint complies with the rule by putting Defendant on notice of the precise misconduct

13

supporting Plaintiffs' claims.   Therefore, this Court should reject Defendant's Rule (9)(b)

argument in its entirety.

### III.   Delaware or California Law Governs Count IV of Plaintiffs' First Amended Complaint, Not Georgia or Texas Law.

Defendant also seeks to dismiss Count IV of Plaintiffs' First Amended Complaint by

arguing that that either Texas or Georgia law governs Count IV. *See, Defendant's Motion* (D.I.

18), at pgs. 6-8.  Defendant argues that Count IV fails to state a claim because Texas law does not

allow for deceptive trade practices suits between competitors and Georgia law does not allow

competitors to recover money damages. *Id.*  Defendant's argument fails, however, because it is

premised entirely on Defendant's assumption that Texas or Georgia law *must* apply to this claim.

*Id.* at p.7 (stating, that the "only two states that could have an interest in allegedly deceptive

conduct concerning this transaction would be Texas (the state where Tan is based) and Georgia

(the state where Home Depot is based).").[6]

#### A.  Delaware Follows the Restatement's Conflict of Laws Analysis.

Defendant's supposition is incorrect because it ignores the Restatement (Second) of

Conflicts (1973) ("Restatement") rules governing "conflicts of law" issues triggered Count IV.

*See, e.g., System Operations, Inc. v. Scientific Games Dev. Corp,* 555 F.2d 1131 (3d Cir. 1997)

(resolving conflicts of law issues via the Restatement).  Among other claims, the Restatement

contains choice-of-law rules for "statements which disparage the . . . quality or the character of

conduct of the plaintiff's business . . . ."  Restatement, §151, comment a.  In this case, the

Restatement likely mandates that Delaware or California law governs Count IV.  As is noted

above, Plaintiffs' allege that "[i]n the course of its sale of products to Lowe's Home

---

[6] As an initial matter, Defendant's motion to dismiss Count IV must fail even under Defendant's own reasoning.  As is noted above, the First Amended Complaint prays for "any other relief that this Court finds appropriate" to remedy Defendant's deceptive trade practices.  *First Amended Complaint* (D.I. 9) at p. 12.  This request in Plaintiffs' prayer would include injunctive relief to the extent the Court deemed it appropriate.  The inclusion of a request for damages, among other remedies, is not fatal to Plaintiffs' claim even if Defendant prevails in showing that Georgia law applies.

14

Improvement, The Home Depot, Inc. and others, upon information and belief, Defendant Tan U.S. has made false representations of fact that disparaged the goods, services, and business of Plaintiff RSI." *First Amended Complaint* (D.I. 9) at ¶ 85; *see also Id.* at ¶¶ 86-88.    The Restatement provides that where a defendant engages in multi-state misconduct that "disparage[d], or otherwise cause[d] pecuniary loss to, the plaintiff's trade or business, the applicable law will usually be the local law of the state where the plaintiff has his principal place of business." Restatement, §151, comment c. Here, Plaintiffs' principal places of business would be either Delaware or California. *See, Amended Complaint* (D.I. 9), at ¶¶ 1-3.

The Third Circuit Court of Appeals applied these Restatement rules in *System Operations, Inc. v. Scientific Games Dev. Corp,* 555 F.2d 1131 (3d Cir. 1997).    In *Scientific,* New Jersey plaintiffs alleged that a Georgia defendant engaged in a multi-state disparagement campaign of plaintiffs' business. *Id.*   In resolving the dispute under New Jersey law, the *Scientific* court plainly rejected Defendant's reasoning that the laws of Georgia applied in the case. The *Scientific* court found that multi-state disparagement prevents courts from applying the law of the location where the disparagement took place. *Id.* at 1137.    Similarly, the *Scientific* court's reasoning refutes Defendant's claim that Texas law applies to Count IV. *Id.* (rejecting the application of the laws of defendant's home when defendant is alleged to have engaged in the multi-state disparagement).

Other courts interpreting multi-state disparagement claims have also rejected arguments almost identical to Defendant's claim here.   For instance, the Eastern District Court of North Carolina addressed a similar issue in *American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.,* 640 F. Supp. 1411 (E.D.N.C. 1986).   In *Rockwool,* plaintiff and defendant manufactured competing insulation materials.   *Id.*   Defendant perceived it was losing business to plaintiff and sent literature to, and made presentations to, plaintiff's clients claiming plaintiff's products were deficient.   *Id.*   In applying the Restatement, the *Rockwool* court noted: "[I]f the aggregate communication disparages, or otherwise causes pecuniary loss to, the plaintiff's trade or business,

15

the applicable law will usually be the local law of the state where the plaintiff has his principal place of business." *Id.* at 1432.

In fact, Defendant's suggestion that Texas law applies to Count IV even conflicts with Texas law. *See e.g., Bridas Corp. v. Unocal Corp.*, 16 S.W.3d 893 (Tex. 2000) (finding the laws of Turkmenistan and Afghanistan, not Texas, applied to Texas plaintiff's tortious interference suit regarding defendant's interference with plaintiff's contract to build a pipeline in Turkmenistan).

### B. Delaware or California Law Controls This Case.

Although this Court may, and perhaps should, wait until after discovery to determine which state's law governs Count IV,[7] the Restatement strongly favors the law of Delaware or California – not Texas or Georgia. However, in order to overcome Defendant's motion to dismiss, Plaintiffs need only show one set of facts consistent with the allegations in the First Amended Complaint that would entitle Plaintiffs to a recovery. Count IV states a claim, at minimum, under both Delaware and California law.

Delaware's Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531–2536 (2005), provides a statutory cause of action for unfair or deceptive trade practices that interfere with the promotion and conduct of another's business, including suits between competitors. The Uniform Deceptive Trade Practices Act does not affect unfair trade practices otherwise actionable at common law or under other Delaware statutes. *See, 6 Del. C.* § 2531(c). Section 2532(a) enumerates multiple types of conduct proscribed by the statute. A few are particularly relevant to the instant action:

> (a) A person engages in a deceptive trade practice when, in the course of a business, vocation, or occupation, that person:
>
> . . . .
>
> (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or

---

[7] *See, e.g., Hollymatic Corp. v. Holly Inc.,* 620 F. Supp. 1366 (N.D. Ill 1985) (rejecting motion to dismiss and ordering the parties engage in discovery prior to the court resolving conflict of law issues under the Restatement because the court lacked facts necessary to determine which state law to apply).

that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

. . . .

(7) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(8) Disparages the goods, services, or business of another by false or misleading representation of fact;

. . . .

(11) Makes false or misleading statements of fact concerning the reasons for, existence of, or amounts of, price reductions; or

(12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

6 *Del. C.* § 2532(a); *Grand Ventures v. Whaley*, 632 A.2d 63, 67 (Del. 1993) (quoting the Act, including §§ 2532 and § 2532 (remedies)). To prevail under the statutory cause of action, a "complainant need not prove competition between the parties or actual confusion or misunderstanding." 6 *Del. C.* § 2531(b). "Examples of the common law restrictions deleted by the Act are proof of competition between the parties or proof of secondary meaning (6 *Del. C.* § 2532(b)), monetary damages or intent to deceive (6 *Del. C.* § 2533))." *Id.* at n.1. Delaware law allows for injunctive relief and a recover of costs, attorneys fees, and treble damages. 6 *Del. C.* § 2533.[8]

California law is more general than Delaware's law on unfair trade practices. California's Business and Professions Code section 17200 et seq. The California Business & Professional Code § 17200 (2005) states: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." California's law prohibits

---

[8] Delaware deceptive trade practices law also looks to the common law and statutes for other remedies for the conduct alleged. The Delaware deceptive trade practices statute will treble damages found under other laws. 6 *Del. C.* § 2533(c). In the instant case, the allegations set forth in Count IV would also state a claim for defamation under Delaware law. *Myers v. Med. Ctr. of Del., Inc.*, 105 Fed. Appx. 403, 409 (3d Cir. 2004) (stating that a defamation plaintiff must demonstrate: (1) a false and defamatory statement; (2) has been communicated; (3) the statement referred to plaintiff; (4) the hearer understood the communication's defamatory character; and (5) plaintiff was injured). California law allows similar relief. *See* Cal. Bus. & Prof. Code § 17082. Count III of Plaintiffs' First Amended Complaint would provide an additional basis for such relief as well.

17

unfair competition, including unlawful, unfair, and fraudulent business acts, and embraces "anything that can properly be called a business practice and that at the same time is forbidden by law." *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (Cal. 2003). "Standing to sue under the [statute] is expansive as well. Unfair competition actions can be brought by a public prosecutor or 'by any person acting for the interests of itself, its members or the general public.'" *Id.* (quoting Cal. Bus. & Prof. Code § 17204).

California's law "borrows violations from other laws by making them independently actionable as unfair competitive practices. In addition, under section 17200, 'a practice may be deemed unfair even if not specifically proscribed by some other law.'" *Id.* (citation omitted) (noting without disapproval that the lower court had approved of plaintiff's borrowing from the federal Foreign Corrupt Practices Act). California law allows for disgorgement of money that was wrongfully obtained. *Rubin v Green*, 4 Cal. 4th 1187 (1993).

Taking as true all facts alleged, as well as the reasonable inferences drawn there from, Count IV of Plaintiffs' First Amended Complaint states a claim under Delaware law. Plaintiffs specifically alleged that Defendant, in the course of its business: (1) disparaged and misrepresented the quality of Plaintiffs and their products and services, (2) made false statements about the reasons for its actual and proposed price reductions, (3) offered products that embody Plaintiffs' patented technology in order to gain for itself, and to deprive Plaintiffs of, sales of patented and non-patented products, and (4) created confusion or misunderstanding as to Defendant's ability to offer and sell such products. *First Amended Complaint* (D.I. 9) at ¶¶ 85-88. These allegations, taken as true, state a claim for relief in Plaintiffs' favor, at a minimum, under both Delaware and California law.

Therefore, because Count IV states a claim under at least both Delaware and California law, this Court should reject Defendant's motion to dismiss.

18

## CONCLUSION

Based upon the foregoing, this Court should deny Defendant's motion to dismiss in its entirety. Federal Circuit cases make clear that the patent law does not preempt Plaintiffs' claims for tortious interference and for unfair and deceptive trade practices. Additionally, Rule 9(b) does not apply to Count IV of Plaintiffs' First Amended Complaint and, even if Rule 9(b) were to apply, Plaintiffs have satisfy those pleading requirements under the circumstances of this case. Finally, while it is too early to determine with absolute certainty which state's law will control Count IV of Plaintiffs' First Amended Complaint, this Court should deny Defendant's motion to dismiss and find that Plaintiffs have stated a claim under Delaware and California law -- and even Georgia law as Defendant alleges applies.

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Attorneys for Plaintiffs RSI Home Products, Inc., RSI Home Products Management, Inc., and RSI Home Products Sales, Inc.*

Of Counsel:

T. Earl LeVere
Bricker & Eckler LLP
100 South Third Street
Columbus, OH 43215
(614) 227-2328


Jerry K. Mueller, Jr.
Mueller & Smith, LPA
7700 Rivers Edge Drive
Columbus, OH 43235
(614) 436-0600

Dated: April 10, 2006

19

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2006, I electronically filed the foregoing with the Clerk

of Court using CM/ECF which will send notification of such filing(s) to the following and which

has also been served as noted:

### BY HAND DELIVERY

David C. McBride
John W. Shaw
Dawn M. Jones
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801


I hereby certify that on April 10, 2006, I have caused the foregoing to be sent by Federal

Express and Electronic Mail to the following non-registered participants:


Charles C. Kline
Jason N. Zakia
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4900
Miami, FL 33131-2352

Kevin X. McGann
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036

Alyssa M. Schwartz (#4351)
schwartz@rlf.com