UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| RSI HOME PRODUCTS, INC., ) <br> RSI Home Products Management, Inc., and ) <br> RSI Home Product Sales, Inc. ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> TAN U.S. GROUP, INC. ) <br> ) <br> Defendant - ) <br> ) | C.A. No. 05-722-GMS <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
COUNTS III & IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

David C. McBride (# 408)
John W. Shaw (# 3362)
Dawn M. Jones (#4270)
djones@ycst.com
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600
*Counsel for Tan U.S. Group, Inc., Defendant*

Of Counsel:
Charles C. Kline
Jason N. Zakia
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
(305) 371-2700

Kevin X. McGann
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8312

DB02:5282813.1          064844.1001

TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................. i
TABLE OF AUTHORITIES .......................................................................................... ii
SUMMARY OF ARGUMENT ........................................................................................1
ARGUMENT ....................................................................................................................2
I.   COUNT III ALLEGES NOTHING MORE THAN PATENT
     INFRINGEMENT AND IS THEREFORE PREEMPTED. ...................................2
II.  PLAINTIFFS' DECEPTIVE TRADE PRACTICES ACT CLAIM IS
     PREEMPTED .........................................................................................................3
III. PLAINTIFFS' DECEPTIVE TRADE PRACTICE CLAIMS ARE NOT
     PLED WITH REQUISITE PARTICULARITY ....................................................4
     A.   Plaintiffs' Unfair Trade Practices Claims Are Subject To Rule 9(b) ..........5
     B.   The First Amended Complaint Fails To Meet Rule 9(b)'s
          Requirements ...............................................................................................6
IV.  GEORGIA OR TEXAS LAW GOVERNS PLAINTIFFS' DECEPTIVE
     TRADE PRACTICE CLAIMS ..............................................................................8
CONCLUSION ................................................................................................................11

TABLE OF AUTHORITIES

Page

*Appraisers Coalition v. Appraisers Inst.*,
    845 F. Supp. 592 (N.D. Ill. 1994)..................................................................5

*Burton v. R.J. Reynolds Tobacco Co.*,
    884 F. Supp. 1515 (D. Kan. 1995)..................................................................6

*CLI Corp. v. Ludowici USA*,
    No. 01-801, 2001 WL. 1734736 (W.D. Pa. Nov. 14, 2001).....................................3

*Dillon v. Ultrasound Diagnostic Sch.*,
    No. Civ. A 96-8342, 1997 WL. 805216 (E.D. Pa. Dec. 18, 1997).........................6

*Duran v. Clover Club Foods Co.*,
    616 F. Supp. 790 (D. Colo. 1985)..................................................................6

*Hunter Douglas, Inc. v. Harmonic Design*,
    153 F.3d 1318 (Fed. Cir. 1998)......................................................................2

*Integral Resources (PVT) Ltd. v. Istil Group, Inc.*,
    No. 03-904, 2004 WL. 2758672 (D. Del. December 2, 2004) ...............9, 10, 11

*Nakajima All Co. v. SL Ventures Corp.*,
    No. 00C 6514, 2001 WL. 641415 (N.D. Ill. June 4, 2001) ...................................5

*Patel v. Holiday Hospitality Franchising Inc.*,
    172 F. Supp. 2d 821 (N.D. Tex. 2001) ............................................................6

*Rodime PLC v. Seagate Technology, Inc.*,
    174 F.3d 1294 (Fed. Cir. 1999)......................................................................2

*Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*,
    742 F.2d 786 (3d Cir. 1984)......................................................................7, 8

*Shapiro v. UJB Fin. Corp.*,
    964 F.2d 272 (3d Cir. 1992)..........................................................................7

*Speakers of Sport, Inc. v. Proserv, Inc.*,
    178 F.3d 862 (7th Cir. 1999) ........................................................................3

*Toner v. Allstate Insurance Co.*,
    821 F. Supp. 276 (D. Del. 1993)..................................................................6, 7

## RULES

Federal Rule of Civil Procedure 9(b) ............................................................................ *passim*

## SUMMARY OF ARGUMENT

Nothing in plaintiffs' Answering Brief In Opposition To Defendant's Motion To Dismiss ("Response") (D.I. 24) changes the fact that Counts III (tortious interference) and IV (deceptive trade practices) of the Amended Complaint should be dismissed for four reasons. *First*, Count III should be dismissed because the "additional allegations" cited in the Response are neither unlawful nor wrongful and cannot form the basis of a tortious interference claim. The only alleged wrongful conduct to which plaintiffs can cite is the infringement of the '503 patent. As a result, Count III is preempted. *Second,* the Response argues that plaintiffs' deceptive trade practices claim is not preempted because patent law does not preempt all unfair trade practice claims. This ignores the fact that defendant has not argued that all patent related unfair trade practice claims are preempted, only those where — as here — plaintiffs cannot allege any wrongful conduct beyond the alleged infringement. *Third*, Rule 9(b) prevents plaintiffs from basing their unfair trade practice claims on vague and conclusory allegations of "misrepresentations" made by defendant. The Response argues Count IV is based on an alleged "multi-state disparagement" campaign. But plaintiffs can point to no well-pled factual allegations that support such a claim. *Fourth,* while admitting they cannot state a damage claim for unfair trade practices under the law of either Texas or Georgia, plaintiffs argue this case is governed by the law of either California or Delaware. Plaintiffs are wrong. Cases such as this, which seek relief for interference with customer relationships, are governed by the law of the state where the alleged interference occurred or where the relationship at issue is located. Here that is Texas or Georgia.

ARGUMENT

I.  COUNT III ALLEGES NOTHING MORE THAN PATENT INFRINGEMENT AND IS THEREFORE PREEMPTED.

The Response argues that plaintiffs' tortious interference claims are not preempted by federal patent law. Plaintiffs' effort to save their tortious interference claim relies on a single case, *Rodime PLC v. Seagate Technology, Inc.*, 174 F.3d 1294 (Fed. Cir. 1999).[1] But the claims at issue in *Rodime* are nothing like the claims plaintiffs attempt to assert here. In *Rodime* the Federal Circuit held that the plaintiff's inducement to infringe claim was not preempted by federal patent law because it alleged wrongful conduct that was distinct from patent infringement. In *Rodime*, the plaintiff alleged that the defendant had contacted potential licensees of the plaintiff's patent and "asserted its belief that [plaintiff's] patents were invalid" when they in fact were not, thus wrongfully inducing the licensees to abort their negotiations with the plaintiff. *See Rodime*, 174 F.3d at 1299-1300. This wrongful conduct is separate and distinct from anything prohibited by federal patent law and is therefore not preempted.[2]

---

[1] Throughout their Response, plaintiffs conflate Tan U.S.'s arguments addressing Counts III and IV. Although plaintiffs purport to cite several cases in support of their argument that Counts III and IV together withstand preemption, *Rodime* is the only case to which they refer that in fact involves a tortious interference claim.

[2] Plaintiff attempts to turn *Hunter Douglas* against defendant by use of a quotation that is misleading at best. *Hunter Douglas, Inc. v. Harmonic Design*, 153 F.3d 1318 (Fed. Cir. 1998). Plaintiff cites *Hunter Douglas* as stating that "there is no . . . pre-emption of state unfair competition claims that rely on a substantial question of federal patent law." Response (D.I. 24) at 9 (quoting *Hunter Douglas*, 153 F.3d at 1333). But plaintiffs' strategically placed ellipsis tells the true story. Plaintiffs deleted the word "field" from the quotation. *Hunter Douglas* held only that there is no *field* preemption of state unfair competition claims that rely on a substantial question of patent law. *See Hunter Douglas*, 153 F.3d at 1333. But *Hunter Douglas* expressly recognized that there could be conflict preemption of such claims. *See id* at 1334-35.

But here, the only wrongful conduct alleged in Count III is the sale of an infringing product. This is conduct that is expressly governed by federal patent law and Count III is therefore preempted. Plaintiffs attempt to avoid this fact by arguing that the Amended Complaint alleges "wrongful acts independent of Defendants' patent infringement activities." *See* Response (D.I. 24) at 9. But with regard to the tortious interference claim, the only additional "wrongful acts" to which plaintiffs point are allegations that defendant offered to sell customers "a complete line of products." Amended Complaint (D.I. 9) at ¶¶ 67, 71, 76. But plaintiffs do not — and cannot — explain how selling a "complete line of products" is in any way wrongful. After all, "competition is not a tort." *Speakers of Sport, Inc. v. Proserv, Inc.*, 178 F.3d 862, 865 (7th Cir. 1999). The only possible wrongful conduct involved in the sale of a "complete line" of products is the sale of those products that allegedly infringe on the '503 patent.[3] Because this does not involve any "independent wrongful conduct," Count III is preempted. *See CLI Corp. v. Ludowici USA,* No. 01-801, 2001 WL 1734736 (W.D. Pa. Nov. 14, 2001).

## II.  PLAINTIFFS' DECEPTIVE TRADE PRACTICES ACT CLAIM IS PREEMPTED

With regard to their deceptive trade practices claim, plaintiffs attempt to avoid preemption by pointing to the fact that courts have allowed certain deceptive trade practice claims to proceed in patent cases. *See* Response (D.I. 24) at 6-7. But defendant never argued that all deceptive trade practice claims were preempted by patent law, only

---

[3] Although Count III contains additional allegations concerning an alleged offer by defendant not to sell certain products to Lowe's Home Improvement these allegations are not in any way tied to plaintiffs' alleged harm. Plaintiffs theory in this regard is made clear by paragraph 77 of the Amended Complaint in which plaintiffs' allege "but for Defendant's offer of vanity top products that infringe the '503 patent as part of their "complete line" of products, Plaintiff would not have lost sales of vanity top products to The Home Depot, Inc." Amended Complaint (D.I. 9) at ¶ 77. No similar allegation ties the alleged offer not to sell to Lowe's to any alleged damages suffered by plaintiffs.

those where the only alleged wrongful conduct is the infringement of the patent itself. *See* Opening Brief in Support of Motion to Dismiss (D.I. 18) at 4.

Plaintiffs argue that the Amended Complaint alleges a "multi-state disparagement" campaign on the part of defendant and that this provides a basis for their deceptive trade practice act claim that is distinct from the alleged infringement of the '503 patent. But plaintiff ignores the fact that their complaint does not allege any facts to support this alleged disparagement campaign. The Amended Complaint's allegations are nothing more than vague and conclusory statements about unspecified false statements being made by defendant to certain of plaintiffs' customers. But as explained below, vague and conclusory allegations such as these are to be disregarded. Putting these allegations aside, all plaintiff is left with are allegations that plaintiff sold products that infringed the '503 patent. Because this is the only well plead wrongful conduct supporting plaintiffs' deceptive trade practice claim, Count IV is preempted and should be dismissed.

III.  PLAINTIFFS' DECEPTIVE TRADE PRACTICE CLAIMS ARE NOT PLED WITH REQUISITE PARTICULARITY

Plaintiff attempts to avoid dismissal of its deceptive trade practice claim by relying on two sentences of paragraphs 85 and 86 of the Amended Complaint that allege "Tan U.S. has made false representations of fact that disparaged the goods, services, and business of plaintiff" and "made false or misleading statements of fact concerning the reasons for its actual and proposed price reductions." Amended

Complaint (D.I. 9) at ¶¶ 85-86. These are the only two sentences of the complaint that purport to identify any wrongful conduct other than patent infringement.[4]

### A. Plaintiffs' Unfair Trade Practices Claims Are Subject To Rule 9(b)

Courts have applied Rule 9(b) to various types of deceptive trade practice claims, including claims such as those plaintiffs purport to assert here. One such similar case is *Nakajima All Co. v. SL Ventures Corp.*, No. 00C 6514, 2001 WL 641415 (N.D. Ill. June 4, 2001). In *Nakajima* a defendant/third-party plaintiff moved to dismiss counterclaims brought against it that alleged the defendant made false statements to the counter-claimant's customers concerning defendant's right to sell certain products. *See id.* at *5. The court held that because these claims were based on allegations that the defendant made false statements of fact to customers, the claims "sound[ed] in fraud" and were therefore subject to Rule 9(b). *See id.* at *5. Although the court recognized that conflicting precedent exists on this point,[5] its analysis illustrated that both the clear language of Rule 9(b) and the policies underlying its adoption require its application to claims such as these. *See id.* at *6. The court held that Rule 9(b) applied because of the nature of the allegation being made, not the name plaintiff chose for the claim. *See id.* Because these claims were based on alleged false and misleading statements, the *Nakajima* court found that Rule 9(b) was applicable, irrespective of whether plaintiff called them claims for trade disparagement, unfair trade practices or fraud. *See id.; see also Appraisers Coalition v. Appraisers Inst.*, 845 F. Supp. 592, 609-10 (N.D. Ill. 1994) (applying Rule 9(b) deceptive trade practices claim). The court's holding was in accord

---

[4] The other alleged wrongful conduct included in Count IV is based entirely on the sale of products that allegedly infringe the '503 patent. *See* Amended Complaint (D.I. 9) at ¶¶ 82, 83, 84, 87, 88.

[5] The *Nakajima* court carefully examined the cases cited by plaintiffs' Response. The court found that those holdings were inconsistent with both the language and the reasoning of Rule 9(b). *See Nakajima*, 2001 WL 641415 at *6.

with the vast majority of courts that have recognized that deceptive trade practices claims that "sound in fraud" are subject to the requirements of Rule 9(b). *See, e.g., Patel v. Holiday Hospitality Franchising Inc.,* 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001); *Dillon v. Ultrasound Diagnostic Sch.,* No. Civ. A 96-8342, 1997 WL 805216 at * 3 (E.D. Pa. Dec. 18, 1997); *Burton v. R.J. Reynolds Tobacco Co.,* 884 F. Supp. 1515, 1524 (D. Kan. 1995); *Duran v. Clover Club Foods Co.,* 616 F. Supp. 790, 792-93 (D. Colo. 1985).

  B. <u>The First Amended Complaint Fails To Meet Rule 9(b)'s Requirements</u>

    In an effort to avoid the fact that the Amended Complaint fails to meet the specificity requirements of Rule 9(b), plaintiffs rely on *Toner v. Allstate Insurance Co.,* 821 F. Supp. 276, 285 (D. Del. 1993). But the *Toner* court dismissed plaintiffs complaint for failing to meet Rule 9(b) even though the complaint at issue there was more specific than the plaintiffs' Amended Complaint in this case. In *Toner* plaintiff's complaint set forth: 1) the information defendant wrongfully failed to disclose; 2) the identity of the persons to whom the allegedly false and misleading statements were made; and 3) the reason plaintiff claimed the statements were misleading. *See Toner,* 821 F. Supp. at 285. But the court nonetheless held that Rule 9(b) required more. Specifically, the court found that because the allegations were made upon information and belief they could not satisfy the requirements of Rule 9(b). *See id.*

    Here, the allegations of plaintiffs' Amended Complaint are not only made upon information and belief but they lack even the most fundamental specifics found in the *Toner* complaint. Indeed, the Amended Complaint does not identify what the allegedly false statements were, who made them, to whom they were made, when they were made, or where they were made. Without even this most basic information

concerning the alleged wrongful conduct, defendant cannot determine what it is accused of having done wrong.

Plaintiffs also attempt to avoid dismissal by arguing that the specific information concerning the alleged wrongful conduct lies exclusively within defendant's control. *See* Response (D.I. 24) at 11. This is simply not possible. The only thing the Amended Complaint does say about these alleged "false statements" is that they were made to plaintiffs' customers. The very allegations that plaintiffs attempt to defend therefore make clear that this information cannot be within defendant's exclusive control. If defendant made the statements the Amended Complaint alleges, plaintiffs' customers should have all of the specific information necessary to meet the pleading requirements of Rule 9(b). Moreover, even if the information at issue was within defendant's exclusive control — which it is not — plaintiff is required to plead facts that establish it has made diligent efforts to learn the information necessary to plead with the requisite particularity. *See Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 289 (3d Cir. 1992) ("Even under a non-restrictive application of [Rule 9(b)] pleaders must allege that the necessary information lies within defendant's control and their allegations must be accompanied by a statements of the facts upon which the allegations are based."); *Toner*, 821 F. Supp. at 285 ("[A] complaint must delineate at least the nature and scope of plaintiffs' effort to obtain, before filing the complaint, the information needed to plead with particularity.")

Finally, plaintiff cites to *Toner* and *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786 (3d Cir. 1984), for the proposition that Rule 9(b) does not require a plaintiff to plead "date, place, and time" of the allegedly false statements. Response (D.I. 24) at 13. The quotes on which plaintiffs rely simply point

out that courts are not mechanical in their application of Rule 9(b) and will allow plaintiffs to use alternative means to add precision to their allegations when the facts of a particular case warrant. For example, in *Seville*, the plaintiff attached 5 exhibits to its complaint that "identified with great specificity the pieces of machinery that were the subject of the alleged fraud" and "identified which pieces of equipment were the subject of which alleged fraudulent transaction." *Seville,* 742 F.2d at 791. Moreover, the complaint in that case "adequately described the nature and subject of the alleged misrepresentation." *Id.* As discussed above, the Amended Complaint here does nothing of the sort.

Because plaintiffs' deceptive trade practices act claim has not been plead with anything even approaching the required specificity, it should be dismissed.[6]

## IV.  GEORGIA OR TEXAS LAW GOVERNS PLAINTIFFS' DECEPTIVE TRADE PRACTICE CLAIMS

Plaintiffs' Response attempts to avoid dismissal by hiding behind the vagueness of the Amended Complaint. Indeed, because the Amended Complaint contains absolutely no specifics concerning the alleged wrongful conduct at issue it is difficult to determine under which law plaintiffs are asserting their claims. Plaintiffs attempt to turn their failure to properly plead their claims into a strategic advantage by arguing that the Court should defer determination of controlling law until "after discovery" and, as a result, the Court therefore cannot entertain a motion to dismiss. *See* Response (D.I. 24) at 16.

---

[6] Plaintiffs correctly point out that dismissals under Rule 9(b) are generally without prejudice. Defendant's motion seeks dismissal with prejudice because defendant has put forth other bases upon which the complaint should be dismissed with prejudice (preemption and the unavailability of relief sought under applicable law). But if the court were to deny defendant's motion on these grounds and dismiss only on the basis of Rule 9(b) defendant agrees such dismissal should be without prejudice.

Plaintiffs' argument stands the Federal Rules of Civil Procedure on their head. As discussed above, plaintiffs are required to plead the claims at issue here with specificity. The Amended Complaint is therefore required to include factual allegations sufficient to determine what the alleged wrongful conduct was, and where it occurred. This would allow both the defendant and the Court to analyze what law would govern plaintiffs' claims (at least under the facts as alleged by plaintiff). It is unfair for plaintiff to engage in protracted discovery without defendant even being able to determine what law governs plaintiffs' claims. Under plaintiffs' theory they can engage in a year long fishing expedition before telling defendant what law they think defendant violated.

From what little specific information the Amended Complaint does contain we can determine the following: 1) defendant is a Delaware corporation with its principal place of business in Texas; 2) plaintiffs are Delaware corporations with their principal place of business in California; 3) plaintiffs allege defendant made false statements to its customers and those false statements (together with defendant's alleged infringement of the '503 patent) caused one of plaintiffs' customers, The Home Depot, to buy certain unspecified products from defendant instead of plaintiffs. *See* Amended Complaint (D.I. 9) at ¶¶ 1-4; 85-87. In addition, plaintiff does not (and cannot) dispute the fact that Home Depot is based in Georgia.

The Amended Complaint contains no allegations of any conduct occurring in Delaware. The only connection between this case and Delaware is that this is the state of incorporation of the parties. Amended Complaint (D.I. 9) at ¶¶ 1-4. It is well settled that in cases such as this, which involve contractual relations with customers, the fact that a party is incorporated in Delaware is of little relevance to choice of law. *See Integral*

*Resources (PVT) Ltd. v. Istil Group, Inc.*, No. 03-904, 2004 WL 2758672 at *4 (D. Del. Dec. 2, 2004) (Sleet, J.).[7] Moreover, as this Court has previously held, in cases such as this where a claim is based on the interference with plaintiffs' customer relations the governing law is that of the jurisdiction where the interference occurred and the damage was suffered. *See id.* at *3. In *Integral* this Court was faced with a tortious interference claim brought by a Pakistani Corporation against a Delaware Corporation. The plaintiff alleged that defendant interfered with a contract between it and a Ukrainian supplier. *See id.* This Court found that plaintiff's claims were governed by Ukrainian law. *See id.* at *6. The Court's decision was based primarily on the fact that Ukraine was the country where the allegedly wrongful conduct occurred and where the supplier was located (and therefore where at least part of the injury occurred). *See id.* at * 4.

The same reasoning would lead to the application of either Texas or Georgia law in this case. Georgia is where Home Depot is located. Although the complaint makes reference to Lowe's Home Improvement and other unnamed customers, Home Depot is the only customer that plaintiffs allege took any action as a result of defendant's alleged wrongful conduct. *See* Amended Complaint (D.I. 9) at ¶¶ 85-88. As such, that is the only business relationship with which the defendant has allegedly interfered. Because the customer with which defendant is alleged to have interfered is based in Georgia, that is one of the states in which the alleged injury occurred. *See Integral*, 2004 WL 2758672 at * 3.

---

[7] Strangely, plaintiffs' Response suggests "plaintiffs' principal place of business would be either Delaware or California." Response (D.I. 24) at 15. This newfound ambiguity stands in stark contrast to plaintiffs' Amended Complaint which clearly alleges that California is the principal place of business of each plaintiff. *See* Amended Complaint (D.I. 9) at ¶¶ 1-3.

The second factor on which this Court relied in *Intergral* was the location of the conduct that caused the alleged injury. *See id.* ("Delaware courts place considerable emphasis on the place where the injury occurred and the place where the conduct causing injury occurred.") Here the lack of any specific factual allegations in the complaint make it impossible to know for certain where the alleged conduct occurred. But all that is known about this conduct is that it involved alleged communications between a company based in Texas and a company based in Georgia. It is reasonable to infer that those alleged communications would have occurred in one of those states (and there is certainly no basis to infer any such conduct occurred in either Delaware or California).[8]

The allegations of plaintiffs' Amended Complaint establish that Count IV is governed by the law of either Texas or Georgia. As set forth in defendant's opening brief (and not disputed by plaintiffs) neither of these states allows a deceptive trade practices claim for damages on these facts. Accordingly, Count IV of the Amended Complaint should be dismissed.

## CONCLUSION

This is a patent infringement case, nothing more. Plaintiffs' efforts to introduce additional state law claims are nothing more than an effort by plaintiffs to force defendant to shoot at a moving target. The vagueness of the allegations, when combined with the total absence of any alleged wrongful conduct other than patent infringement, prevent defendant from properly defending itself. As a result, Counts III and IV should

---

[8] As set forth above, defendant believes plaintiffs' Amended Complaint should be dismissed. But if the Court disagrees and denies the current motion, defendant requests leave to renew this motion after it has had the opportunity to conduct limited discovery regarding choice of law. *See e.g., Integral* at *2.

be dismissed and the case should move forward only with respect to plaintiffs' patent infringement and willful infringement claims.

        Respectfully submitted,

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ Dawn M. Jones
        David C. McBride (# 408)
        John W. Shaw (# 3362)
        Dawn M. Jones (#4270)
        djones@ycst.com
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, DE 19899-0391
        Telephone: (302) 571-6600
        *Counsel for Tan U.S. Group, Inc., Defendant*

Of Counsel:
Charles C. Kline
Jason N. Zakia
White & Case LLP
Wachovia Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131-2352
(305) 371-2700

Kevin X. McGann
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8312

Dated: April 17, 2006

## CERTIFICATE OF SERVICE

I, Dawn M. Jones, Esquire, hereby certify that on April 17, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>   Frederick L. Cottrell, III, Esquire
>   Alyssa M. Schwartz, Esquire
>   Richards, Layton & Finger
>   One Rodney Square
>   Wilmington, DE 19801

I further certify that on April 17, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS AND FACSIMILE TRANSMISSION:**

>   T. Earl LeVere, Esquire
>   Bricker & Eckler LLP
>   100 South Third Street
>   Columbus, OH 43215
>
>   Jerry K. Mueller, Jr., Esquire
>   Mueller & Smith, LPA
>   7700 Rivers Edge Drive
>   Columbus, OH 43235

>   YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>   /s/ Dawn M. Jones
>   Dawn M. Jones (No. 4270)
>   The Brandywine Building
>   1000 West Street, 17th Floor
>   Wilmington, Delaware 19801
>   (302) 571-6600
>   djones@ycst.com
>
>   Attorneys for Tan U.S. Group, Inc.